CHRISTIAN L. RAISNER, Bar No. 133839
ANDREA LAIACONA, Bar No. 208742
LINELLE S. MOGADO, Bar No. 236489
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone: 510.337.1001
Facsimile:  510.337.1023
E-mail:  courtnotices@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

CV 07 5802

CHARLES GILCHRIST AND MATTHEW B. HALLINAN, in their capacities as Trustees of APARTMENT EMPLOYEES PENSION TRUST and APARTMENT EMPLOYEES WELFARE FUND,

  Plaintiffs,

v.

ABLE BUILDING MAINTENANCE CO., a California Corporation,

  Defendant.

No.

**COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, BREACH OF FIDUCIARY DUTY, AND AUDIT (ERISA 29 U.S.C. §1001, et seq., 29 U.S.C. §185)**

Plaintiffs complain of Defendant, and for cause of action allege:

### JURISDICTION AND INTRADISTRICT ASSIGNMENT

I.

This action arises under and is brought pursuant to Section 502 of the Employee Retirement Income Security Act, as amended (ERISA), 29 U.S.C§1132, and section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Venue properly lies in this district court since contributions are due and payable in the County of San Francisco.

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, BREACH OF FIDUCIARY DUTY, AND AUDIT
Case No. _____

## PARTIES

II.

At all times material herein, CHARLES GILCHRIST and MATTHEW B. HALLINAN were Trustees of APARTMENT EMPLOYEES PENSION TRUST and APARTMENT EMPLOYEES WELFARE FUND ("Trust Funds"). At all times material herein, the above-named Trust Funds were, and are, employee benefit plans created by written Trust Agreements subject to and pursuant to section 302 of the Labor Management Relations Act (29 U.S.C. § 186), and were and are multi-employer employee benefit plans within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). The above-named Trust Funds are administered by a Board of Trustees which may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreements. The above named Trust Funds and their respective Board of Trustees shall hereinafter be designated collectively as "Plaintiffs".

III.

At all times material herein, Defendant, ABLE BUILDING MAINTENANCE CO. (hereinafter referred to as "Defendant"), has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

IV.

At all relevant times, Defendant was signatory and bound to written collective bargaining agreements with the SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1877 (hereinafter "Union"), a labor organization within the meaning of section 301 of the Labor Management Relations Act (29 U.S.C. § 185). Defendant became subject to all the terms and conditions of the Collective Bargaining Agreements (hereinafter "CBAs") by virtue of signing the CBAs with the Union. A true and correct copy of the CBA dated January 29, 1999 to December 30, 2001(Park Merced Apartments) is attached hereto as Exhibit "A". A true and correct copy of the CBA dated January 1, 1999 to September 30, 2001 (Golden Gate Center, LP) is

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, BREACH OF FIDUCIARY DUTY, AND AUDIT
Case No. _____

attached hereto as Exhibit "B". A true and correct copy of the CBA dated October 1, 2001 to December 21, 2004 (Golden Gate Center, LP) is attached hereto as Exhibit "C". A true and correct copy of the Agreement and Declaration of Trust for the Apartment Employees Pension Trust and its amendments is attached hereto as Exhibit "D". A true and correct copy of the Agreement and Declaration of Trust Between Service Employees Union Local No. 14 and Apartment Employers Council of San Francisco (establishing the Apartment Employees Welfare Fund) is attached hereto as Exhibit "E".

V.

The CBAs incorporate by reference and bind Defendant to the terms and conditions of the Agreement and Declaration of Trust for the Apartment Employees Pension Trust and its amendments and the Agreement and Declaration of Trust Between Service Employees Union Local No. 14 and Apartment Employers Council of San Francisco (establishing the Apartment Employees Welfare Fund) (collectively referred to herein as the "Trust Agreements"). The Trust Agreements provide for prompt payments of all employer contributions to the Trust Funds and provide for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds in the event of a breach by the employer where it would have been impracticable or extremely difficult to ascertain the losses to the Trust Funds. Said Trust Agreements also provide for the payment of interest on all delinquent contributions, attorneys' fees, other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all benefit contributions have been timely paid as required by the CBAs and the law.

VI.

Defendants' ongoing obligation to pay the amounts due are demonstrated in the CBAs at Exhibit A (sections 9 and 21), Exhibit B (sections 31 and 37) and Exhibit C (sections 25 and 31).

///

///

///

- 3 -
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, BREACH OF FIDUCIARY DUTY, AND AUDIT
Case No. _____

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT BASED ON AUDIT)

VII.

Plaintiffs incorporate all preceeding paragraphs as though fully set forth herein.

VIII.

Pursuant to the CBAs and the Trust Agreements, two audits of the books and records of Defendant for the period of January 1, 2000 to December 31, 2001 were conducted, which revealed that benefit contributions to the Trust Funds have not been submitted as required by said agreements.

VIX.

Demand has been made of Defendant for payment of the amounts determined to be due and owing pursuant to the audit, and Defendant has refused to pay such amounts in total. There is now due, owing and unpaid to Plaintiff Trust Funds from Defendant, pursuant to the audit, benefit contributions in the amount of $21,143.43, plus additional liquidated damages and accrued interest to date.

X.

Plaintiffs are the intended third-party beneficiaries of the Agreement.

XI.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements.

XII.

Plaintiffs are entitled to reasonable attorneys' fees, interest, and other reasonable expenses incurred in connection with this matter due to Defendant's failure and refusal to pay all benefit contributions due and owing pursuant to the terms of the applicable CBAs, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).).

///

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, BREACH OF FIDUCIARY DUTY, AND AUDIT
Case No. _____

**SECOND CLAIM FOR RELIEF**
**(ACTUAL DAMAGES FOR BREACH OF CONTRACT)**

XIII.

Plaintiffs incorporate all preceeding paragraphs as though fully set forth herein.

XIV.

Defendant has failed, neglected and refused to make timely benefit contributions as required by the applicable CBAs and Trust Agreements, and has caused Plaintiffs actual damages in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(DAMAGES AND EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY)**

XV.

Plaintiffs incorporate all preceeding paragraphs as though fully set forth herein.

XVI.

Defendant has failed, neglected or refused to make timely benefit contributions to the Trust Funds as required by the applicable CBAs and Trust Agreements.

XVII.

Defendant's neglect or refusal to make timely benefit contributions and reports pursuant to the terms of the above-mentioned agreements constitutes a violation of ERISA section 515 (29 U.S.C. § 1145).

XVIII.

Defendant, in agreeing to the terms and conditions of the aforementioned Trust Agreements, assumed a fiduciary duty to Plaintiffs, which required Defendant to submit timely and accurate reports of hours worked or amounts due, together with payments to the Trust Funds. Defendant exercised control over any contributions due, which are assets of Trust Funds, and Defendant was a fiduciary as defined by ERISA section 3(21), 29 U.S.C. § 1002(21).

///

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, BREACH OF FIDUCIARY DUTY, AND AUDIT
Case No. ___

XIX.

The actions of Defendant complained of herein constitute a violation of fiduciary duties as defined by ERISA, 29 U.S.C. §§ 1001, et seq.

XX.

Pursuant to the CBAs, Trust Agreements, and ERISA, Defendant is liable to Plaintiffs for all interest on the unpaid contributions, liquidated damages, actual damages, attorneys' fees, and other collection costs.

XXI.

Unless enjoined by this Court, Defendant will continue to fail, neglect, or refuse to remit appropriate benefit contributions to the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**(AUDIT)**

XXII.

Plaintiffs incorporate all preceeding paragraphs as though fully set forth herein.

XXIII.

Plaintiffs believe that additional amounts may be due and owing and also pray for an audit for the period January 1, 2002 to present to determine same.

**WHEREFORE**, Plaintiffs pray for judgment against ABLE BUILDING MAINTENANCE CO., as follows:

1. That Defendant be ordered to pay benefit contributions, liquidated damages, and interest;

2. That Defendant be ordered to pay actual damages;

3. That this Court issue an Order directing and permanently enjoining Defendant to submit to the Trust Fund, all reports and contributions due and owing by Defendant, plus interest, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2));

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 6 -

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, BREACH OF FIDUCIARY DUTY, AND AUDIT
Case No. ____

    4. That this Court issue an Order permanently enjoining Defendant for so long as it remains obligated to contribute to the Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the CBA, Trust Agreement and ERISA sections 502(a)(3) and (g)(2), (29 U.S.C. § 1132(a)(3), (g)(2));

    5. That Defendant be ordered to pay attorneys' fees;

    6. That Defendant be compelled submit to an audit between Plaintiffs and Defendant;

    7. That Defendant be ordered to pay costs of suit herein;

    8. That the Court grant such further relief as this Court deems just and proper; and

    9. That this Court retain jurisdiction of this matter to enforce the Order compelling an audit and payment of all amounts found due and owing.

Dated: November 14, 2007

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
CHRISTIAN L. RAISNER
ANDREA LAIACONA
LINELLE S. MOGADO
Attorneys for Plaintiffs

116461/475127

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 7 -

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, BREACH OF FIDUCIARY DUTY, AND AUDIT
Case No. _____