# EXHIBIT C

---

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

CV 07   5802   SC

| | |
|---|---|
| CHARLES GILCHRIST AND MATTHEW B. HALLINAN, in their capacities as Trustees of APARTMENT EMPLOYEES PENSION TRUST and APARTMENT EMPLOYEES WELFARE FUND,<br><br>            Plaintiffs,<br><br>    v.<br><br>ABLE BUILDING MAINTENANCE CO., a California Corporation,<br><br>            Defendant. | No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, BREACH OF FIDUCIARY DUTY, AND AUDIT (ERISA 29 U.S.C. §1001, et seq., 29 U.S.C. §185)** |

# AGREEMENT

between

SERVICE EMPLOYEES UNION

LOCAL 1877

AFL-CIO

and

ABLE BUILDING MAINTENANCE CO.

covering

SECURITY OFFICERS

at

GOLDEN GATEWAY CENTER, L.P.

EFFECTIVE OCTOBER 1, 2001 TO DECEMBER 31, 2004

EXHIBIT C

1

## AGREEMENT

THIS AGREEMENT, entered into as of the first day of January 1, 2002 by and between ABLE BUILDING MAINTENANCE CO., covering Security Officers staff working at Golden Gateway Center L.P., hereinafter referred to as "EMPLOYER", and SERVICE EMPLOYEES UNION, LOCAL 1877, affiliated with the Service Employees International Union, AFL-CIO, hereinafter referred to as the "UNION," acting on behalf of the employees in the classifications hereinafter specified.

## UNION RECOGNITION

**Section 1.** (a) The Employer recognizes the Union as the sole collective bargaining agency for all employees under the jurisdiction of the Union in the classifications of Property Patrol Staff at Golden Gateway Center in the City and County of San Francisco.

(b) There shall be no discrimination by the Employer or by the Union against the employees on account of union membership or union activities. Neither the Employer nor the Union shall discriminate against any employee or applicant for employment on account of race, creed, color, age, sex or sexual orientation except to the extent permitted by law.

## VACANCIES AND NEW POSITIONS

**Section 2.** In the filling of vacancies or new positions and in the employment of extra help, the Employer agrees to give preference of employment to members of the Union in good standing and to apply to the Union for such members; provided, however, that applicants for employment shall be sent to the Employer for interview prior to employment, and that the Employer shall have the right of selection from all available Union members. If the Union is unable to furnish to the Employer satisfactory help suitable for the positions to be filled within forty-eight (48) hours from time of notification by the Employer (Saturdays, Sundays and holidays excepted), ,the Employer may hire outside the Union. The Employer shall furnish the Union within forty-eight (48) hours after employment of any employee, his or her name and date of employment.

## UNION MEMBERSHIP

**Section 3.** All employees who may be presently employed or employed as provided for in Section 2 of this Agreement, if not already members of the Union in good standing, shall make application for membership in the Union within thirty (30) days and shall become members and maintain membership in good standing in the Union and the Union agrees to accept such applicants on the same terms as present members.

## NOTICE OF LAYOFF OR DISCHARGE

**Section 4.** (a) When an employee is laid off, the Employer shall give the employee seven (7) days notice in writing or one (1) week's pay in lieu thereof. If an employee is discharged he/she shall immediately surrender all house keys, equipment and property

belonging to the Employer.

**(b)** Employees shall be discharged without notice for just cause. The Employer shall give a written warning notice to an employee with ninety (90) days or more of service, with a copy to the Union, before discharging such employee for poor job performance or similar reasons. Such notice shall be given at lease one (1) week before any discharge action, and the Union shall be afforded the right to discuss the matter with the employee and the Employer. No such notice is required prior to discharge for gross misconduct. Any employee who feels he/she has been unjustly discharged shall have the right to appeal to the Adjustment Board hereinafter provided. Discharge cases must be taken up with the Adjustment Board within five (5) business days from the date of discharge or right of appeal is lost.

## SENIORITY

**Section 5.** **(a)** In case it shall become necessary for an Employer to lay off one or more employees, seniority shall apply, merit and ability being equal, within the classifications. In cases of rehiring, the last employee laid off shall be the first employee rehired. In the filling of vacancies that occur through any means the Employer agrees to fill said vacancies on the basis of seniority. A bid system shall be worked out by mutual agreement to effect such assignments.

**(b)** For promotions, seniority will be given substantial consideration, and where merit and ability are equal the most senior employee will be promoted. The Employer will be the sole judge of merit and ability for the purpose of this Subsection (5b) only.

## BUILDING VISITATIONS

**Section 6.** Duly authorized representatives of the Union, not to exceed two (2) who shall show their credentials to the Employer or his/her representative prior to each visit, shall be permitted to visit the building for the purpose of observing conditions under which the employees are working and to see that conditions of this Agreement are being observed. Such visits shall not be made at unreasonable hours and not interfere with the proper conduct of business or the performance of work. The Employer agrees to cooperate in arranging such visits.

## BULLETIN BOARD

**Section 7.** The Employer shall provide a bulletin board, conveniently located for the use of the Union in posting notice of official business of the Union. The Union agrees that it will not distribute handbills, posters or other literature pertaining to the affairs of the Union within the building.

## SUBCONTRACTING

**Section 8.** The Employer may contract for the performance of any work covered by the classification herein set forth when such contract is in conformity with all the economic provisions of this Agreement, including all wage scales and fringe benefits.

## EMPLOYER'S FUND

**Section 9.** (a) No employee shall handle any funds of the Employer unless expressly authorized in writing by the Employer. Any employee so entrusted with the Employer's funds shall not be held responsible for loss through robbery, fire or other circumstances beyond the employee's control. Employees handling funds shall conform to written instructions issued by the Employer.

(b) The Employer agrees to pay all fidelity bond premiums when bonds are required by the Employer. All cash deposits or cash bonds in lieu of fidelity bonds now in force will be returned to the employees so affected at once.

## SPECIAL DRESS OF UNIFORMS

**Section 10.** Where the Employer requires the employee to wear dress or special uniforms the Employer shall furnish such special dress or uniforms and provide for their reasonable upkeep.

## DRESSING ROOMS OR LOCKERS

**Section 11.** Dressing rooms or lockers shall be provided by the Employer where employees may store their belongings during working hours and change to and from street attire.

## EQUAL PAY

**Section 12.** The wage scale shall apply equally to male and female.

## NO WAGE REDUCTION

**Section 13.** Wages now being paid above the minimum scale herein prescribed shall not be reduced. This applies to the employee, not the job.

## PAYDAYS

**Section 14.** (a) The wages of the regular employees shall be paid semi-monthly; provided that, when such regular pay day falls on a Sunday or on an employee's day off, or on holidays, employees shall be paid on the day immediately previous to such Sunday, day off or holidays. The Employer will make all reasonable efforts to have paychecks available by the end of an employee's shift on payday.

(b) If an employee is laid off or his/her services are terminated for any reason, he/she shall be paid on or before the termination of his/her last shift; an employee not so paid shall be compensated for one day's pay for each day he/she reports for his/her pay to not exceed 30 days as provided by the California State Labor Code.

(c) Any employee whose services are terminated may, if he/she so elects, have his/her

wages sent to him/her by mail, addressed as he/she may direct.

## WAGES

**Section 15.** (a) The minimum hourly rates of pay shall be as follows:

Classification[1]

*Starting Patrol:*

| Effective 1/1/02: | Step 1 | $11.33 | (start) |
| | Step 2 | $12.60 | (520 hours) |
| | Step 3 | $13.85 | (1040 hours) |
| | Step 4 | $15.10 | (1560 hours) |
| Patrolman* | Step 5 | $17.24 | (2080 hours) |
| Sergeant | | $18.15 | |
| Lieutenant: | | $19.07 | |

*When Patrolmen works as a shift leader he/she will receive Sergeants rate

Effective 1/1/03:    $.50 increase per hour to each classification.

Effective 1/1/04    $.50 increase per hour to each classification.

## HOURS OF WORK

**Section 16.** (a) Eight (8) consecutive hours shall constitute a day's work.

(b) Forty (40) hours worked in a period of five (5) consecutive days' work within seven (7) successive calendar days shall constitute a week's work.

(c) One-half (1/2) hour meal period on the premises within eight (8) hours shall be allowed any employee working a full shift. No deduction shall be made for such meal period allowance. Employees may be called upon to perform tasks during their lunch period which are of an emergency nature.

(d) There shall be no split shifts.

(e) A forty cent ($.40) per hour premium shall be paid to employees working between the hours of 6:00 PM and 6:00 AM.

(f) The Union and the Employer agree that there are no minimum staff requirements nor any obligation on the behalf of the Employer to provide a minimum number of ranked supervisors.

## WORK SCHEDULE

**Section 17.** (a) A weekly schedule shall be posted containing each regular employee's starting and quitting time, work days, days off, dates and times of payment, which shall not be changed by the Employer without thirty-six (36) hours' previous notice to the employees affected.

(b) Employer shall employ one shift leader on each shift. The shift leader shall be selected on the basis of seniority, merit and ability being equal as judged by employer. If no Patrol Technician of rank is scheduled for any shift, the employer shall designate a shift leader from the scheduled employees. The current Patrol Technician II wage rate plus any shift differential premium shall be paid to an unranked designated shift leader for any shift as shift leader.

## OVERTIME

**Section 18.** (a) For any work in excess of a day's work, or for any work in excess of a short shift, or for any work in excess of a week's work, or for any work performed on an employee's day off, or on holidays, overtime at the rate of time and one half shall be paid. Double time shall be paid for all hours worked in excess of twelve (12) hours in any one (1) workday, and for all hours worked on the seventh consecutive day of work. Any employee working on a holiday listed in Section 22 shall be paid overtime, at the rate of time and one half, in addition to a day's pay for the holiday. All overtime shall be computed on a basis of cash remuneration at time and one half, or double, the employee's regular rate of pay. Overtime shall be assigned on the basis of seniority by shift.

(b) If an employee is required to work overtime consecutive with his day's work, such employee shall be paid for not less than one (1) hour at the overtime rate or the time actually worked at the overtime rate, whichever is the greater. Should an employee be, called back to work by the Employer at the completion of his day's work, his week's work, or his regular days off or on holidays, he shall be paid for not less than four (4) hours at the overtime rate or the time actually worked at the overtime rate, whichever is the greater.

(c) Notwithstanding the provisions of Section 18(b) and 19(a) of this Agreement, should an employee be required to work on Thanksgiving Day, Christmas Day or New Year's Day, such employee shall be paid for not less than eight (8) hours at the overtime rate or the time actually worked at the overtime rate, whichever is greater.

(d) Double time for all hours worked on the 7th consecutive day.

## MINIMUM CALL

**Section 19.** (a) Notice that the services of an employee will not be required on any given day shall be given to him/her not later than the termination of the employee's shift on the preceding day. If such notice be not so given and such employee shall report for work, he/she shall be entitled to and shall be paid a sum of money equal to four (4) hours' wages, provided,

however an employee working thirty-two (32) hours or more per week shall be entitled to the full weekly wage.

**(b)** When an Employer or his representative requests a person to report for work and said person does so report at the time specified but is not put to work, the Employer shall pay said person one (1) full day's wages. This rule shall not apply when the Employer wishes to fill a vacancy by interviewing applicants for the job.

## LUNCH AND REST PERIODS

**Section 20.** **(a)** One-half (1/2) hour meal period on the premises within eight (8) hours shall be allowed any employee working a full shift. No deduction shall be made for such meal period allowance. Employees may be called upon to perform tasks during their lunch period which are of an emergency nature.

**(b)** On or about the middle of each shift, all Employees shall receive one fifteen (15) minute break. No deduction shall be made for such rest period. Such break shall not interrupt on going services. Employees may be called upon to perform tasks during their rest period which are of an emergency nature.

## VACATIONS

**Section 21.** **(a)** All employees shall be entitled to at least two (2) week's vacation with pay once each year, provided that such employee shall have been in the service of the Employer continuously for not less than one (1) year at the time vacation is granted. All vacation requests must be asked for thirty (30) days prior to commencement except in cases of emergency.

**(b)** All employees who have been in the service of the Employer continuously for five (5) years or more shall be entitled to three (3) weeks' vacation with pay once each year.

**(c)** All employees who have been in the service of the Employer continuously for ten (10) years or more shall be entitled to four (4) weeks' vacation with pay once each year.

**(d)** Any employee whose employment terminates after six (6) months or more of service shall be given prorated vacation pay.

**(e)** Vacations shall be granted by the Employer for the full calendar year. Vacation choices shall be determined by seniority, commensurate with prevailing workloads.

**(f)** Absence from service of not more than sixty (60) calendar days because of illness, temporary layoff or leave of absence shall not interrupt the continuity of employment for the purpose of this section. In the event of such an absence of more than sixty (60) calendar days, the pay for the vacation period shall be prorated on the basis of actual weeks worked.

**(g)** In the event of a change of contractors, the former contractor shall be obligated to provide his prorata of vacation or vacation pay and the new contractor shall likewise provide his prorata vacation or vacation pay for the current year but shall not be required to assume any

further obligation arising prior to said change of contractor. The service record of employees for the purpose of vacations shall not be broken by reason of change of contractor of a building covered by this Agreement.

**(h)** Severance of employment relations shall not disentitle an employee to vacation with pay when he is entitled thereto under this Agreement.

**(i)** Any employee receiving vacation with pay in excess of those contained in this Agreement shall not have such vacation privilege reduced.

**(j)** All employees shall upon their request receive their full vacation pay prior to going on vacation, at the rate in effect at the time vacation is taken.

**(k)** All employees shall be entitled to their full vacation period without interruption. Any employee called back to work prior to the completion of his or her vacation shall receive time and one-half his regular rate of pay in addition to his vacation pay for the time he is required to work during his vacation.

**(l)** In the event that any of the holidays named herein occur during an employee's vacation period, such employee shall be entitled to take an additional day's vacation for such holiday with pay or an additional day's pay in lieu thereof, at the option of the Employer.

**(m)** Employees may split their vacations into one (1) week increments.

## HOLIDAYS

**Section 22.** The following days shall be observed as holidays: New Year's Day, Martin Luther King's Birthday, President's Day, Memorial Day. Independence Day, Labor Day, Veteran's Day, Thanksgiving Day, Christmas Day, and the individual employee's birthday. In addition, each employee shall be granted one (1) floating holiday with pay each year. The Employer shall designate the employee's floating holiday each year. If a holiday falls on a Sunday, it shall be observed on the following Monday. No deduction shall be made form the monthly pay on account of any of the above holidays. It is understood that on holidays, the Employer shall be permitted to designate the employees to be off, if he desires a skeleton crew to remain on the premises. Employees shall be rotated so that equal opportunity to enjoy holidays shall prevail. An employee whose regular day off falls on a holiday shall be granted an additional day off during the ensuing fourteen (14) days or he shall receive pay in lieu thereof at the employee's regular rate of pay. In the event an employee's shift falls within two calendar days, the holiday observance shall be on the shift in which the majority of hours are scheduled.

## LEAVES OF ABSENCE

**Section 23.** Leaves of absence of reasonable periods shall be granted by the Employer for reasons of a bonafide illness or other reasons mutually agreed to by the Employer

8

and the employee. Such leaves shall be without pay except as herein provided. Such leaves of absence shall not affect the employee's rights under this Agreement. The Union shall be so notified in writing of said leave of absence.

## SICK LEAVE

**Section 24.** (a) In the case of a bonafide illness or injury an employee shall be entitled to twelve (12) days' sick leave with pay each year. Sick leave shall be accumulative on the basis of one (1) day's sick leave for each month an employee has been in the employ of the Employer, not to exceed twelve (12) days for any one employment year. Unused sick leave shall accumulate to a maximum of thirty (30) days. The Employer may request a doctor's certificate if the sick leave extends beyond three (3) working days, or if the Employer has reasonable doubt as to the validity of the employee's illness.

(b) If at the end of any calendar year, an employee has accumulated over thirty (30) days of sick leave, he shall receive a cash payment of 50% of his regular day's pay for each day accumulated over thirty days up to a maximum of five (5) days. Said payment is payable the first pay period in January of each year. Any day for which an employee receives this payment shall be removed from any accumulation of sick leave days that an employee may have. It is understood that this payout provision does not change the provision in Section 30(a) that thirty (30) days of unused sick leave is the maximum amount that may be accumulated for purposes of taking sick leave.

(c) In the cases where an employee is eligible to receive disability insurance benefit payments either under the California Unemployment Insurance Code or comparable voluntary disability insurance plan, the employee shall apply for and receive his full disability benefit payment; provided that the sum of such disability benefit payment plus sick leave pay shall equal but not exceed the employee's regular rate of pay. In applying this provision, the Employer shall pay its portion of the amount due the employee for each of the day's remaining of the employee's full disability benefit payment, shall equal the employee's regular rate of pay.

(d) The same method of integration shall apply in cases of worker's compensation insurance benefits.

## WELFARE FUND

**Section 25.**   (a) WELFARE FUND. For the purpose of establishing and maintaining hospitalization, medical and surgical care, dental, vision care, and group life insurance programs, the Employer shall contribute to the Apartment Employees Welfare Fund the following sums for each straight time hour worked by the employees covered by this Agreement:

Effective January 1, 2002........................up to a maximum of $2.455.

Effective January 1, 2003........................up to a maximum of $2.655.

Effective January 1, 2004........................up to a maximum of $2.805.

If in any year, the amount of the necessary hourly contribution is less than the maximum set forth above, then the Employer shall make only the necessary hourly contributions.

Before the tenth day of each month the Employer shall make irrevocably the required payments for the preceding calendar month, and such payments shall be made on behalf of each employee who has worked seventy (70) or more straight-time hours for said Employer during the preceding calendar month.

The Welfare Fund shall be administered under and by virtue of that certain Agreement and Declaration of Trust between Apartment Employers Council of San Francisco and Service Employees Union Local 1877. The Employer hereby accepts the terms of said Agreement and Declaration of Trust and agrees to be bound by all of the provisions thereof as amended, and hereby acknowledges prior receipt of a copy thereof.

(b) PENSION TRUST. For the purpose of establishing and maintaining a pension plan, the Employer shall contribute to the Apartment Employees Pension Trust the following sum for each straight-time hour worked by employees covered by this Agreement:

Effective January 1, 2002.........................................$1.00

(c)   Regulations applicable to the Welfare Fund, Pension Trust Fund:

(1)   Paid vacation, holidays and sick leave are considered as hours worked in computing contributions.

(2)   If an employee is absent from work because of a bonafide illness or injury, contributions shall be made on his behalf by the Employer during such absence for a period not less than three (3) months. No employer shall be required to make contributions in excess of three months during any calendar year during such absence unless he/she so elects.

(3) The service record of employees for the purpose of eligibility for welfare benefits and the requirements that an Employer make contributions on their

behalf as provided, shall not be broken by reason of change of ownership of a building covered by this Agreement or a subsequent Agreement.

## FUNERAL LEAVE

**Section 26.** In the event of a death in the immediate family of an employee, he/she shall, upon request be granted such time off with pay as is necessary to make arrangement for the funeral and attend same, not to exceed five (5) regularly scheduled working days. This provision does not apply if the death occurs during the employee's paid vacation, or while the employee is on leave of absence, layoff or sick leave. For the purpose of this provision, the immediate family shall be restricted to father, mother, brother, sister, spouse, child, mother-in-law, and father-in-law. At the request of the Employer, the employee shall furnish a death certificate and proof of relationship. Funeral leave applies only in instances in which the employee attends the funeral, or is required to make funeral arrangements but is not applicable for other purposes such as settling the estate of the deceased.

## JURY DUTY

**Section 27.** An employee who is summoned and who reports for jury service shall be paid the difference between his/her regular day's pay and any amount of jury pay received which shall be limited to five (5) days annually. At the request of the employer, the employee shall furnish a certificate of jury service.

## STRIKES

**Section 28.** There shall be no strikes, work stoppages, job action or lock- outs during the life of this Agreement. All disputes and grievance shall be settled as quickly as possible by the grievance procedure in Section 29. In the event of a labor disturbance, strike, picketing; or concerted action of any nature by any other labor group or the members thereof or any protest group involving the Employer's property or operations or the operations of the tenants of the Employer, employees covered by this Agreement will remain on the job and continue to perform their duties as Property Patrol Technicians. Employees will continue to report to work as directed during any such disturbances, crossing any picket or protest lines that may be established as necessary to do so. Provided, however, that said Employees will not be used as strike breakers, and specifically, will not be required to perform the regular functions of other employees, except to the extent necessary for the protection of life, limb and property.

## ADJUSTMENT BOARD

**Section 29.** (a) Any and all disputes and grievances of an Employer, employee or the Union that may arise with reference to the provisions of this Agreement or the enforcement thereof which cannot be settled directly by the Employer and the Union within two (2) business days, shall be referred to a Board of Adjustment upon the written request of either party. The Board of Adjustment shall consist of two (2) representatives of the Union and two (2) representatives of the Employer and shall meet within two (2) business days of such notification or request.

(b) Matters of dispute or grievance as hereinabove provided must be taken up with the

Employer or with the Union, as the case may be, within thirty (30) days (except as provided for discharges under Section 4(b) of this Agreement) of the occurrence of the alleged dispute or grievance.

    (c)    In the event that any matter submitted to the Board of Adjustment cannot be settled within five (5) business days, the issue in dispute shall be submitted for disposition to an impartial arbitrator, the impartial arbitrator shall be selected by agreement between the parties. Any decision made by a majority of the Adjustment Board or the impartial arbitrator shall be final and binding upon both parties. Any expense as a result of the arbitration shall be borne one-half by the Union and one-half by the Employer. Neither the Adjustment Board nor the impartial arbitrator shall have the authority to negotiate, alter or change this Agreement.

    (d)    EXPIDITED ARBITRATION PROCEDURE:

In order to provide for the timely and informal resolution of disputes, a grievance filed pursuant to this Section may be designated as an expedited grievance and processed as set forth below. In order for a grievance to be processed under this expedited arbitration procedure, both the Employer and the Union must mutually agree to do so. Absent such mutual agreement, no grievance may be processed under this procedure. The procedure shall be as follows:

1. There shall be a panel of not more than three permanent arbitrators on a rotating basis. The procedure for selecting the members of the initial panel and for filling vacancies shall be as follows:

    (a) The parties shall meet promptly to select mutually acceptable arbitrators.

    (b) If they are unable to agree, they shall then exchange lists of give (5) arbitrators each. An arbitrator whose name appears on both lists shall be considered mutually acceptable. If the initial exchange does not result in the selection, the parties shall exchange additional lists within the succeeding seven (7) day period until the required number of arbitrators has been selected.

2. The Arbitrator shall be the sole arbitrator to hear and determine the matter. Such hearing shall be held within ten (10) days after the arbitrator receives notification of the dispute. The arbitrator shall consider and decide the grievance and shall render a decision immediately after hearing and consideration of all evidence presented. The arbitrator may request upon mutual agreement of both parties to the dispute receive additional time to deliberate on the matters presented but in no case shall the decision be delayed beyond the forty-eight (48) hours following the close of hearing.

3. The Arbitrator shall orally advise the parties of his decision with a brief

explanation of the basis thereof. He shall make a brief, signed note upon the written grievance stating his disposition of the matter. Such decision shall be final and binding on all parties to the dispute and the aggrieved employee, but shall not be considered as a precedent in any future proceeding.

4. Any arbitration held under the provisions of this procedure shall be conducted as informally as possible, consistent with a full and fair hearing of the issues. The parties to the proceeding shall be permitted to participate only through full-time operating officials who are not lawyers. The Arbitrator shall establish appropriate informal arbitration procedures and have all the authority to exclude any representative of either party who does not meet qualifications set forth in this Section.

5. Any expense incurred for the production of witnesses, or other evidence, shall be borne by the party seeking to produce such evidence or testimony. For the purposes of this Section, time spent as a witness shall not be construed as working time under the provisions of this Agreement.

6. The Arbitrator shall have no authority to modify, add to, or subtract from any of the terms of this Agreement. Any expenses incidental to the conduct of the hearing, and the fee or the Arbitrator, shall be borne by the losing party.

## UNION/MANAGEMENT RIGHTS

**Section 30.**   **(a)**   The right to hire, schedule, and discharge and to maintain discipline of employees is the responsibility of the Employer. If the Union believes an employee has been discriminated against or has been unjustly discharged, the Union may take the matter up under the grievance and arbitration procedures as set forth above in this Agreement.

**(b)**   It is agreed that except as specifically stated in this Agreement, all of the rights, powers and authority that the employer has prior to the signing of this Agreement are retained by the Employer and remain the exclusive right of the employer without limitation.

**(c)**   The Employer may adopt rules and regulations not in conflict with this Agreement. Employees shall be subject to such rules and regulations and violations shall be considered just cause for disciplinary action, including discharge.

**(d)**   The Union shall cooperate with the Employer and with each employee in carrying out all pertinent rules and regulations dealing with health safety and welfare of employees promulgated by the Department of Industrial Relations of the State of California and all other applicable agencies, local, state and federal. Employer and employees shall execute their jobs in a manner to promote safety and efficient operation of all duties.

## TERM OF AGREEMENT

**Section 31.** This Agreement shall continue in full force and effect until December 31st, 2004. If neither party serves written notice of its desire to terminate, change or modify this Agreement sixty (60) days prior to the date of expiration it shall be renewed for the succeeding year to year thereafter in like manner.

ABLE BUILDING
MAINTENANCE CO.

_____
Howard Fish
Vice President

Able Building Maintenance Co

SERVICE EMPLOYEES
UNION, LOCAL # 1877

_____
Katy Hansen
Internal Organizer

_____
Peter Gaine
Property Patrol Staff
Negotiating Committee

14

## TERM OF AGREEMENT

**Section 31.** This Agreement shall continue in full force and effect until December 31st, 2004. If neither party serves written notice of its desire to terminate, change or modify this Agreement sixty (60) days prior to the date of expiration it shall be renewed for the succeeding year to year thereafter in like manner.

ABLE BUILDING
MAINTENANCE CO.

*[signature]*
Howard Fish
Vice President

*[signature: Able Building Maintenance Co.]*

SERVICE EMPLOYEES
UNION, LOCAL # 1877

*[signature]*
Katy Hansen
Internal Organizer

*[signature]*
Peter Gaine
Property Patrol Staff
Negotiating Committee

14

Case 3:07-cv-05802-SC    Document 1-4    Filed 11/15/2007    Page 17 of 17