# EXHIBIT D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

**SC**

**CV 07     5802**

| | |
|---|---|
| CHARLES GILCHRIST AND MATTHEW B. HALLINAN, in their capacities as Trustees of APARTMENT EMPLOYEES PENSION TRUST and APARTMENT EMPLOYEES WELFARE FUND, | ) No. |
| | ) |
| | ) **COMPLAINT FOR BREACH OF** |
| | ) **CONTRACT, DAMAGES, BREACH** |
| | ) **OF FIDUCIARY DUTY, AND AUDIT** |
| | ) **(ERISA 29 U.S.C. §1001, et seq., 29** |
| Plaintiffs, | ) **U.S.C. §185)** |
| | ) |
| v. | ) |
| | ) |
| ABLE BUILDING MAINTENANCE CO., a California Corporation, | ) |
| | ) |
| Defendant. | ) |

## APARTMENT EMPLOYEES' PENSION TRUST

THIS AGREEMENT is made in San Francisco, California,
__January 1,__          , 1976.  One party to the Agreement is
APARTMENT EMPLOYERS' COUNCIL OF SAN FRANCISCO, on behalf of
the persons, firms and corporations listed in Appendix "A",
made a part hereof, which will be referred to herein as the
"Employer", and which employs and will employ employees sub-
ject to the jurisdiction of the Union, which said employees
are covered by the collective bargaining agreement hereinafter
referred to or may be covered by any subsequent collective
bargaining agreement with the Union.

Another party to this Agreement is SERVICE EMPLOYEES
UNION, LOCAL 14, affiliated with the          SERVICE EM-
PLOYEES INTERNATIONAL UNION, AFL-CIO, which will be referred
to herein as the "Union", and which is collective bargaining
agent for employees subject to its jurisdiction and covered by
the said collective bargaining agreement or who may be covered
by any subsequent collective bargaining agreement with the Em-
ployer.

On January 18, 1955, the Employer and the Union en-
tered into a collective bargaining agreement.  This agreement
was effective as of January 1, 1955, and was amended
December 27, 1955.  By this agreement and such amendments, the
Employer promises to make certain payments to the Trustees of
APARTMENT EMPLOYEES' PENSION TRUST for the purposes of a Pen-
sion Program.  Reference is hereby made to this collective
bargaining agreement as so amended for the details of these
provisions.

The purpose of this Trust Indenture is to carry out
the pension provisions of the collective bargaining agreement.
The Union has entered into collective bargaining agreements
with employers other than the Employer.  Such other agreements
provide for similar payments for the purposes of a Pension
Program.  It is also the purpose of this Trust Indenture to
carry out the pension provisions of these other agreements.

So, the parties agree:

- 1 -

**EXHIBIT D**

## ARTICLE I

### ESTABLISHMENT AND PURPOSES
### OF THE TRUST

Section 1.01.  A trust is hereby created.  It shall be known as APARTMENT EMPLOYEES' PENSION TRUST.

Section 1.02.  The purposes of this Trust are to collect, to preserve and to invest monies paid to the Trust and to pay pensions and annuities according to the Pension Program.  This Pension Program is attached to this Trust Indenture.  It is marked "Exhibit B" and made a part hereof. This Pension Program specifies the detailed basis upon which payments are to be made.  By becoming parties to this Trust Indenture, the parties agree to the Pension Program.

## ARTICLE II

### DEFINITIONS

Section 2.01.  For the purposes of this Trust Indenture, the following words and phrases shall have the following meanings unless a different meaning is plainly required by the context:

(a)  "Collective Bargaining Agreement" means the collective bargaining agreement between the Employer and the Union, dated January 18, 1955, as amended December 27, 1955, and it also means any collective bargaining agreement (containing the same terms as to pensions) between any employer who may become a party to this Trust Indenture and local unions, affiliated with          SERVICE EMPLOYEES INTERNATIONAL UNION, who may become a party to this Trust Indenture.  It includes any successor agreement or agreements between any such employers and any such local unions.

(b)  "Trust Agreement" or "Trust Indenture" means this Trust Indenture as it may be amended from time to time.

(c)  "Employer" means the persons, firms and corporations listed in Appendix "A" hereof and any other employer of members of any local unions, affiliated with          SERVICE EMPLOYEES INTERNATIONAL UNION, who makes payments to the Pension Program Fund under

this Trust Indenture, which payments are pur-
suant to a collective bargaining agreement
between any such employer and any such union.
The Union shall be considered an employer
under this Trust Indenture solely and exclu-
sively for the purpose of permitting the
Union to contribute to the Pension Fund on
behalf of all of its regular employees,
whether appointed or elected, and to permit
these employees to be members of the Program.
The eligibility of the employees of the Union
to participate shall be controlled and
governed by the same rules and regulations as
shall govern the employees of the Employer.
Service credits shall include employment by
the Union and employment in the industry.

(d)  "Union" means SERVICE EMPLOYEES UNION,
LOCAL 14, party to this Trust Indenture, and
any other local union affiliated with
     SERVICE EMPLOYEES INTERNATIONAL UNION,
which may hereafter become party to this
Trust Indenture.

(e)  "Pension Program Trustees" means those
Trustees appointed to administer this Pension
Program Fund under the provisions of Article
IV of this Trust Indenture.

(f)  "Employer Trustee" is the Pension Pro-
gram Trustee who is the Vice President of the
APARTMENT EMPLOYERS' COUNCIL OF SAN
FRANCISCO, or his alternate, selected by said
APARTMENT EMPLOYERS' COUNCIL, acting on be-
half of all employers affected by this Trust
Indenture.

(g)  "Union Trustee" is the Pension Program
Trustee who is the President-Business
Manager of the SERVICE EMPLOYEES UNION, LOCAL
14, or his alternate, appointed by the Presi-
dent of the SERVICE EMPLOYEES UNION, LOCAL
14, acting on behalf of all employees
affected by this Trust Indenture.

(h)  "Pension Program Trustee", "Employer
Trustee" and "Union Trustee" shall include
respectively the alternate Pension Program
Trustee, the alternate Employer Trustee and
the alternate Union Trustee, appointed under

- 3 -

or pursuant to this Trust Indenture, whenever the context so requires.

(i)  "Trustees" means all of the Pension Program Trustees or alternate Pension Program Trustees, as required by context, including any impartial umpire who may be appointed.

(j)  "Pension Program" means that program for payment of pensions attached hereto and marked "Exhibit B", or as it may be amended or changed from time to time.

(k)  "Pension Fund" means the total of contributions made under the Pension Program increased by profits and income, or decreased by losses and expenses incurred in the administration and establishment of this Trust and Pension Program.

(l)  "Trust" means this Trust, including the monies, investments and other assets held under this Trust Indenture and includes the Pension Fund.

(m)  "Benefits" means pensions which may be provided by the Pension Program.

(n)  "Beneficiary" means members (active or inactive) of the Pension Program, pensioners under the Program and includes any other persons claiming under them, or claiming any benefits under the Program.

(o)  "Interested Parties" means any persons, corporations, partnerships, trusts, associations, or other organizations claiming any interest under the Trust Indenture or the Pension Program and including, but not by way of limitation, the Union, members of the Union and beneficiaries.

(p)  "Retirement Income Contract" means any contract or contracts executed by the Trustees pursuant to the provisions of Section 5.15.

Section 2.02.  The words and phrases as defined and used in the Pension Program shall have the same meaning under this Trust Indenture, unless a different meaning is plainly required by the context.

- 4 -

## ARTICLE III

### OTHER PARTICIPATING EMPLOYERS

Section 3.01. Any employer who is obligated by a collective bargaining agreement with a local union to make contributions to a pension program under the same provisions as that collective bargaining agreement between the Employer and the Union shall by reason thereof be a party to this Trust Indenture and such employer thereby assumes all the obligations of this Trust Indenture and the Pension Program and is entitled to all rights under it (except the right to designate the Employer Trustee) and otherwise is subject to it in all respects.

## ARTICLE IV

### PENSION PROGRAM TRUSTEES

Section 4.01. The Trustees under this Trust Indenture shall be two (2) in number, one of whom shall be the Employer Trustee and one of whom shall be the Union Trustee. The Vice President of the APARTMENT EMPLOYERS' COUNCIL OF SAN FRANCISCO shall be the Employer Trustee and the President-Business Manager of SERVICE EMPLOYEES UNION, LOCAL 14, shall be the Union Trustee. In the event of a change in such offices, the identity of the successor Employer Trustee shall be certified in writing by the Secretary of APARTMENT EMPLOYERS' COUNCIL OF SAN FRANCISCO and the identity of the successor Union Trustee shall be certified in writing by the Secretary of SERVICE EMPLOYEES UNION, LOCAL 14, and every such writing shall be deposited in the office of the Pension Program Trustees. The certification by the appropriate secretary shall be sufficient proof that the person named is the Vice President or President-Business Manager of the designated organization.

The original Employer Trustee is EDWARD L. RATHBUN. The original Union Trustee is PHILIP J. DEREDI.

Alternate Trustees under this Trust Indenture shall be two (2) in number, one of whom shall be the Employer Alternate Trustee and one of whom shall be the Union Alternate Trustee.

The Employer Alternate Trustee shall be selected by said APARTMENT EMPLOYERS' COUNCIL OF SAN FRANCISCO, acting on behalf of all employers affected by this Trust Indenture, and the Union Alternate Trustee shall be appointed by the President-Business Manager of the SERVICE EMPLOYEES UNION, LOCAL

- 5 -

14, acting on behalf of all employees affected by this Trust Indenture.  Such appointments shall be certified in writing and such writing shall be deposited in the office of the Pension Program Trustees.  The certification by the Secretary of APARTMENT EMPLOYERS' COUNCIL OF SAN FRANCISCO shall be sufficient proof that such Employer Alternate Trustee appointment has been duly made.  The certification by the President/ Business Manager of SERVICE EMPLOYEES UNION, LOCAL 14, shall be sufficient proof that such Union Alternate Trustee appointment has been duly made.

The original Employer Alternate Trustee is GEORGE DETWEILER.  The original Union Alternate Trustee is EDWARD J. BRIDGEMAN, JR.

The Employer Alternate Trustee and the Union Alternate Trustee shall, in the event of emergency involving inability of a Trustee to act, act in the place and stead of the respective Employer or Union Trustee and until such time as another Employer or Union Trustee shall be designated to act, or until such time as the original Employer or Union Trustee is again able to act.

Section 4.02.  Employers shall be represented by the Employer Trustee above-named, or any successor properly named.  Unions shall be represented by the Union Trustee above-named, or any successor properly named.

Section 4.03.  Any Pension Program Trustee and any successor and any alternate Pension Program Trustee and any successor may qualify by executing and delivering to the office of the Pension Program Trustees an instrument accepting such appointment and agreeing to be bound by the terms of this Trust.  By this act and by signing this Agreement, any such Pension Program Trustee or alternate Pension Program Trustee shall become vested with all of the estate, rights, powers and discretion and shall assume all the duties and obligations of a Pension Program Trustee or an alternate Pension Program Trustee, as the case may be.  The original Pension Program Trustees and the original alternate Pension Program Trustees may qualify by signing this Trust Indenture, or any duplicate hereof.

Section 4.04.  No Pension Program Trustee, or alternate Pension Program Trustee (except any impartial umpire appointed under Section 6.07 of this Trust Indenture) shall be compensated from the Trust for his services as such.  The Trustees may be reimbursed for expenses properly and actually incurred in attending regular, special, or committee meetings of the Board of Trustees, in attending conferences, seminars and workshops relating to pension plan operation and

administration, or in otherwise carrying out or conducting the
affairs of the Trust. The Pension Program Trustees and alter-
nate Pension Program Trustees shall be required to give rea-
sonable bond or other security for the faithful performance of
their duties. The premium for the bond or bonds shall be paid
from the Pension Fund.

Section 4.05. The Trustees may provide errors and
omissions and fiduciary liability insurance at the expense of
the Trust, insuring the Trustees, other fiduciaries and the
Trust itself against the wrongful acts or omissions of fidu-
ciaries for the protection of the Trust, provided that such
insurance, to the extent required by law, shall permit re-
course by the insurance carrier against the fiduciaries who
commit breaches of fiduciary duty. Nothing herein shall be
deemed to preclude a Trustee, fiduciary, Employer or Union
from purchasing such insurance for the individual protection
of a fiduciary or from purchasing a waiver of such right of
recourse by the insurance carrier of any insurance policy pur-
chased by the Trust Fund, with respect to such fiduciary.

Section 4.06. Any Pension Program Trustee or alter-
nate Pension Program Trustee may resign at any time by deli-
vering to the party appointing him his resignation in writing
to take effect not less than thirty (30) days after the deli-
very of it. The party or parties who have appointed the Pen-
sion Program Trustee or alternate Pension Program Trustee may
accept such resignation to be effective at any time within
thirty (30) days. Any Pension Program Trustee or alternate
Pension Program Trustee may be removed from his office at any
time for any reason and without notice by the party appointing
him. If a vacancy occurs for any reason in respect to an al-
ternate Pension Program Trustee, his successor shall be desig-
nated as hereinabove provided.

ARTICLE V

FUNCTIONS OF PENSION
PROGRAM TRUSTEES

Section 5.01. The Pension Program Trustees shall
have the power to administer the Pension Program and this
Trust. In addition to the powers provided elsewhere in the
Trust Indenture, the Pension Program Trustees shall have all
general and incidental powers appropriate to the administra-
tion of the Pension Program and this Trust. Any power reason-
ably necessary for this administration which is not to be
exercised by others shall be in the Pension Program Trustees.
Included within their powers, but not by way of limitation,
shall be the power:

(a) To pay benefits, or to provide for the payment of benefits;

(b) To verify claims for the payment of benefits and to determine whether the conditions for the payment of benefits as set forth in the Trust Indenture and the Pension Program have been fulfilled;

(c) To determine the manner for the payment of benefits;

(d) To authorize disbursements from the Pension Fund.

Section 5.02. The Pension Program Trustees shall have the power to enforce the payment of contributions to this Pension Fund by Employers under the terms of the collective bargaining agreement or under any other promise so to do. If any Employer defaults in the making of such payments, then if the Pension Program Trustees consult an attorney with respect thereto, or file any suit with respect thereto, there shall be added to the obligation of the Employer who is in default reasonable attorneys' fees and costs of court and all other reasonable expenses incurred by the Pension Program Trustees in connection with the default. If an Employer fails to cure a default for fifteen (15) days after written demand upon him to cure the same, such default will tend to dislocate the efficient operation of the Trustees' organization and will thus occasion them expenses, the amount of which will be extremely difficult to ascertain; and so it is agreed that if an Employer makes default, he shall pay, in order to meet his obligation with respect to expenses prescribed by the next preceding sentence, double the amount due by him at the time of such default to defray such expenses. This defrayment in expenses shall be in addition to any reasonable attorneys' fees and/or costs of court.

Section 5.03. Subject always to the provisions of the Pension Program and this Trust Indenture, the Pension Program Trustees shall have the power finally to decide:

(a) All questions relating to the eligibility of employees to become members of the Program;

(b) All questions concerning service credits;

- 8 -

(c)   The amount and kind of payments to per-
sons entitled to benefits and rights of mem-
bers of the Program with respect to this
Trust;

(d)   If an Employer makes default, the effect
of such default upon the benefits which would
otherwise be payable to his employees under
the Pension Program and this Trust;

(e)   Similar or related questions in the ad-
ministration of this Trust.

All decisions of the Pension Program Trustees with
respect to benefits shall be consistent as to all those simi-
larly situated.  No decision shall be made which is discrimi-
natory under the provisions of the Internal Revenue Code
applicable to pension programs, or under the provisions of the
Trust Indenture and Pension Program.

Section 5.04.  The Trustees shall establish an
appropriate procedure for review of all claims for retirement
benefits which may be subject to denial under the Pension
Plan, or rules or regulations thereunder; for due notification
to participants and beneficiaries of the denial of the claim
and the reasons therefor; and shall establish a procedure
under which a claimant or his representative may appeal the
denial of a claim.

Section 5.05.  The Pension Program Trustees shall
have the power to make and to change from time to time and to
enforce rules and regulations for the administration of the
Pension Program and the payment of benefits under it and also
for the transaction of the business of the Pension Program
Trustees.

Section 5.06.  If the Pension Program Trustees find
that any beneficiary to whom a benefit is payable is unable to
care for his affairs because of illness or accident, then any
payment due (unless a prior claim therefor shall have been
made by a duly appointed guardian or other legal representa-
tive) may be paid to the spouse, child, parent, brother or
sister of any such beneficary, or to any person determined by
the Pension Program Trustees to have incurred expense for such
person otherwise entitled to payment.  Any such payment shall
be a complete discharge of any liability of this Trust there-
for.

Section 5.07.  The Pension Program Trustees shall
have power to borrow money to carry out the purposes of this

- 9 -

Trust Indenture or the Pension Program and may pledge, assign or hypothecate any of the rights or assets of the Trust to secure the loan.

Section 5.08. The Pension Program Trustees may:

(a)  Establish and maintain an office;

(b)  Employ or retain actuaries, brokers, consultants, attorneys, accountants, office staff and other suitable agents and employees irrespective of whether those persons so employed or retained may also be, or may have been, employed or retained by any local union, by any member of the Program or beneficiary, or by any employer; and when any legal advice is deemed necessary by the Pension Program Trustees, the legal question may be submitted to an attorney who shall be paid from the Pension Fund;

(c)  Incur and pay any other expense in connection with the establishment and administration of the Pension Fund, including expenses incurred by the Pension Program Trustees and including necessary legal fees and costs incurred by reason of the drafting of this Trust Indenture, the preparation of the Pension Program and in taking all steps necessary to effectuate the objectives of the parties in this regard.

Section 5.09. The Pension Program Trustees may sue or be sued on behalf of this Trust and shall be the only necessary parties, plaintiff or defendant, in any such action; and service of process shall be made upon the Pension Program Trustees.

Section 5.10. The Pension Program Trustees shall have the power to accept, compromise, arbitrate, or otherwise settle any obligation, liability or claim involving this Trust, including any claim that may be asserted for taxes under present and future laws. The Pension Program Trustees may also enforce or contest any such obligation, liability or claim by appropriate legal proceedings, but they shall not be obliged to do so unless in their judgment it is in the interest of the Trust to do so.

Section 5.11. The Pension Program Trustees shall receive all monies and other assets delivered to them for the purposes of the Pension Fund. They shall hold, invest and

reinvest the Pension Fund and make payments from the Pension
Fund according to the purposes of this Trust Indenture and the
Pension Program.  The Trustees shall establish a funding
policy, which shall be reviewed at least annually.

    Section 5.12.  The Pension Program Trustees shall
have full power to manage, purchase, retain, lease, mortgage,
exchange and sell trust assets and to invest and reinvest the
Pension Fund and the income of it.

    Section 5.13.  The Pension Program Trustees shall
maintain suitable records of and for the administration of the
Pension Program and the Trust.  The Pension Program Trustees
may require of any Employer, any Union and of any beneficiary
and member of the Program any reasonable information, data and
documents relevant and suitable for the purposes of the admin-
istration of the Trust and Pension Program.

    Section 5.14.  The books of account and records of
the Pension Program Trustees shall be audited at least once
each year by a qualified certified public accountant to be se-
lected by the Pension Program Trustees.  The Pension Program
Trustees shall also make all other reports required by law.  A
statement of the results of the annual audit shall be avail-
able for inspection by interested persons at the office of the
Pension Program Trustees or at such other suitable place as
they may designate from time to time.

    Section 5.15.  From time to time the Pension Program
Trustees may report to the interested parties under this Trust
Indenture any action taken or omitted, or any events occurring
in the administration of the Pension Program or of this Trust.
If the Pension Program Trustees make reports in writing to
such interested parties upon such occasions and, unless
written objection to any matter so reported is made by any in-
terested party receiving the report within sixty (60) days
after receipt of such report, then all matters so reported
shall be conclusively deemed to have been ratified and
approved by the interested party to whom such report is made.
Such objection must be filed in writing with the Pension Pro-
gram Trustees at the office of the Pension Program Trustees
within the time provided.  If no such objection is filed, then
the interested parties to whom such report is made, and each of
them, shall be deemed to have waived any objection to such
matters and transactions so reported and shall thereafter be
estopped from asserting any such objection or any claim which
might have been based on such objection.

    Section 5.16.  The Pension Program Trustees may, if
they desire, enter into retirement income contracts with any
carrier or carriers, company or companies, to effectuate the

benefits and objectives of the Pension Program.  However, such contract or contracts, if entered into, shall be applicable to and cover all participants under the Pension Program.

ARTICLE VI

PROCEDURE OF PENSION
PROGRAM TRUSTEES

Section 6.01.  The Pension Program Trustees shall determine the time and place for regular periodic meetings. Pension Program Trustees shall hold meetings at least once each six (6) months.  Either Trustee may call a special meeting by giving notice to the other at least ten (10) days before the date of the special meeting.  Any meeting at which both Trustees are present, or concerning which both Trustees have waived notice in writing (which waiver may be executed before, during or after such meeting), shall be a valid meeting without the giving of any notice.

Section 6.02.  The Board shall select one member to act as Chairman of the Board and one to act as Secretary, to serve terms of one year or for such other period as the Board may determine.  When the Chairman is an Employer Trustee, the Secretary shall be a Union Trustee and vice versa.  The Secretary shall keep minutes or records of all meetings, proceedings and acts of the Pension Program Trustees.  Copies of all approved minutes and proceedings shall be available to both Pension Program Trustees for inspection at all reasonable times.  All other interested parties may contact their respective Trustees for information regarding any minutes or proceedings of the Pension Program Trustees.  The Pension Program Trustees may authorize themselves, or any other person in conjunction with one of them to execute checks, instruments, contracts and other documents on behalf of themselves.

Section 6.03.  Both Trustees must be present to constitute a quorum.  Each shall have one vote.

Section 6.04.  All meetings of the Pension Program Trustees shall be at the office of the Pension Program Trustees unless another place is designated from time to time by the Pension Program Trustees.

Section 6.05.  Upon any matter which may properly come before the Pension Program Trustees, they may act in writing without a meeting; but such action in writing without a meeting shall require the concurrence of both Pension Program Trustees.

- 12 -

Section 6.06. If there is a deadlock in the vote of the Pension Program Trustees on any matter within their jurisdiction, they may agree upon an impartial umpire who is willing and able to act. If the parties are unable to agree within ten (10) days upon the selection of an impartial umpire, the impartial umpire shall be named by agreement between the APARTMENT EMPLOYERS' COUNCIL OF SAN FRANCISCO and the SAN FRANCISCO LABOR COUNCIL. When there is such a deadlock and an impartial umpire is appointed, the decision of the impartial umpire shall be final and binding as to any such matter which may be in dispute. Out of the Pension Fund shall be paid the expenses of the appointment of such impartial umpire, the compensation of the impartial umpire and the expenses of his investigation and hearing, if any.

Section 6.07. The Pension Program Trustees shall adopt rules of procedure.

## ARTICLE VII

## PROVISIONS APPLICABLE TO TRUSTEES

Section 7.01. Any power, discretion, election or authority delegated to the Trustees shall be exercised with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims and subject to the specific limitations of this Trust Indenture and the Pension Program.

Section 7.02. All monies received by the Trustees under any provision of this Trust Indenture may be, or if held in cash, shall be deposited in a bank or banks qualified under Section 412(a)(2) of the Employee Retirement Income Security Act of 1974 and doing business within the State of California and subject to the supervision of the Superintendent of Banks or the Controller of the Currency.

Section 7.03. No party dealing with the Trustees, or either of them, shall be obligated to see to the application of any monies or property of the Pension Fund, or to see that the terms of the Trust Indenture have been complied with, or to inquire as to the necessity or expediency of any act of the Trustees. Every instrument executed by the Pension Program Trustees shall be conclusive in favor of every person who relies on it that (a) at the time of the delivery of the instrument this Trust Indenture is in full force and effect; (b) the instrument was executed in accordance with the terms and

- 13 -

conditions of this Trust Indenture; and (c) the Trustees were duly authorized and empowered to execute the instrument.

Section 7.04.   The Trustees shall be liable only for the safekeeping and administration of the Pension Fund in accordance with the provisions of the Trust Indenture and applicable law.   The duties, responsibilities and liabilities of the Trustees under this Trust Indenture shall be determined solely by the express provisions of this Trust Indenture and no further duties, responsibilities or liabilities shall be implied.

Section 7.05.   The Trustees may rely upon any papers, documents, data or information believed by them to be genuine and accurate and to be made, executed, delivered or assembled by the proper parties.   The Trustees shall not be liable for any action prudently taken or omitted by them, nor for the act of any agent, employee, consultant or attorney se-lected by the Trustees with reasonable care.   The Trustees may delegate any of their ministerial powers to any of their agents or employees.   The Pension Fund shall exonerate, reim-burse, indemnify and save harmless the Trustees, individually and collectively, against any and all expenses and liabilities arising out of the trusteeship, except for his own gross neg-ligence or willful misconduct; provided, however, that nothing herein shall exempt the Trustees or any of them from any lia-bility, obligation or debt arising out of their individual or collective acts or omissions done or suffered in violation of the duties and responsibilities imposed upon them by Title I, Part 4 of the Employee Retirement Income Security Act of 1974.

Section 7.06.

(a)   The Trustees may retain or employ a person or organization to act as Trust Administrator to whom the Trus-tees may delegate, to the extent the Trustees deem necessary or appropriate and in accordance with applicable law, their authority and responsibility to administer the affairs of the Trust Fund and the Plan.

(b)   A majority of the Trustees may allocate any or all of their duties in the management and control of the Trust Fund to individual Trustees or committees of Trustees, where-upon responsibility and liability for the performance of said duties shall attach only to the persons who have received such allocations.

(c)   The Trustees from time to time may appoint one or more investment managers who shall have the power to manage, acquire or dispose of all or such portion or portions of the Trust assets as the Trustees shall determine.   Such

- 14 -

appointments shall not be effective until accepted by the in-
vestment manager in a writing delivered to the Trustees which
acknowledges that such investment manager is a fiduciary with
respect to the Trust Fund.  No person or organization shall be
so appointed other than one who is registered as an investment
advisor under the Investment Advisors Act of 1940, as amended,
or is an insurance company under the laws of more than one
state, or is a bank as defined in said Act.

    Section 7.07.  No Employer and no Local Union, nor
any of the Trustees shall be responsible or liable for:

    (a)  The validity of this Trust Indenture,
the Pension Program, or the collective bar-
gaining agreement;

    (b)  The form, validity, sufficiency, or
effect of any contract or policy for pensions
which may be entered into;

    (c)  The act of any person or persons which
may cause the termination, rescission or
other invalidity of any of the instruments
mentioned in this section;

    (d)  Any delay occasioned by any restriction
or provision in the Trust Indenture, the Pen-
sion Program, rules and regulations issued
thereunder, any contract procured in the
course of the administration of either, or by
any other proper procedure in the administra-
tion of either; or

    (e)  The making, retention, or sale of any
investment or reinvestment, nor for any loss
or diminution of the Trust, except a Trustee
shall be responsible for his own gross negli-
gence or willful misconduct.

    Section 7.08.  If any dispute or question arises
concerning the beneficiaries to whom any benefits should be
paid, any other payments should be made, or to whom any other
assets of the Pension Fund should be delivered, the Trustees,
or either of them, may withhold such action until the dispute
or question is determined under the appropriate provisions of
this Trust Indenture.

    Section 7.09.  No person shall have any legal or
equitable right or claim against any Employer, any Union, or
the Trustees, unless the right or claim is specifically pro-
vided in this Trust Indenture, in the Pension Program, as they

- 15 -

may be amended from time to time, or is conferred by affirmative action of the Pension Program Trustees by authority specifically delegated to them.  No interested party may bring any action in any court on any matter arising out of this Trust Indenture, the determination of which is otherwise provided for in this Trust Indenture, until the procedure provided in this Trust Indenture shall have been exhausted and a decision made with respect to it; and then, the only action which may be brought is to enforce the decision.

Section 7.10.  It is acknowledged by all persons interested in any way in this Trust Indenture that these arrangements are somewhat novel and the management of this Trust will present new problems concerning which there has been very limited experience in the past.  It is for these reasons that the hazards and liabilities which surround, or which may surround, the Trustees are limited to a far greater degree than is usual in the ordinary trust and the rights of persons interested to enforce claims to the Trust and against the Trustees are more restricted.

## ARTICLE VIII

### MISCELLANEOUS

Section 8.01.  No beneficiary entitled to any benefits under this Trust Indenture shall have the right to assign, transfer, encumber, pledge, mortgage, hypothecate, anticipate, or impair in any manner his or her legal or beneficial interest or any interest in the assets of the Trust. Neither the Pension Fund, nor any of the assets thereof, shall be liable for debts of any beneficiary entitled to any benefits under this Trust Indenture, nor be subject to attachment or execution or other process of any court.

Section 8.02.  This Trust Indenture imposes no obligation on any Employer to make any payments to the Pension Fund; any such obligations are solely dependent upon whatever promises there may be in the collective bargaining agreement from time to time as they may be interpreted in the Pension Program.

Section 8.03.  No dispute or question arising under this Trust Indenture or the Pension Program shall be subject to the grievance or arbitration procedure in the collective bargaining agreement.  All such disputes or questions shall be resolved by the Trustees by vote or pursuant to the provisions of Section 6.06.

Section 8.04.  At no time, whether during or after the termination of this Trust, shall any part of the Pension Fund revert to or be recoverable by any Employer, or be used for or diverted to any purpose other than for the exclusive benefit of persons entitled to benefits under this Trust Indenture.

Section 8.05.  Under this Trust Indenture, the masculine shall include the feminine, the singular the plural and the plural the singular as the sense of the provision may suggest.

Section 8.06.  This Trust Indenture, the Pension Program and the Pension Fund are consummated and established in the State of California.  All questions pertaining to them and their validity, administration and construction shall be determined in accordance with the laws of the State of California.

Section 8.07.  If any provision of this Trust Indenture, the Pension Program, rules and regulations made pursuant thereto, or any other step in the administration of this Trust Indenture or the Pension Program is held illegal or invalid for any reason, then this illegality or invalidity is not to affect the remaining portions of the Trust Indenture, Pension Program or rules and regulations adopted.  They shall be construed and shall remain in force as if the illegal or invalid portions had never been inserted or established if the remaining portions will enable the objectives and purposes of the Trust Indenture and Pension Program to be accomplished.  Should any of the provisions of the Trust Indenture, Pension Program or rules and regulations be declared illegal or invalid, the appropriate parties shall immediately adopt a new provision to take the place of that declared illegal or invalid.

## ARTICLE IX

## AMENDMENT AND TERMINATION

Section 9.01.  This Trust Indenture and the Pension Program may be amended at any time by a written instrument duly executed by APARTMENT EMPLOYERS' COUNCIL OF SAN FRANCISCO and SERVICE EMPLOYEES UNION, LOCAL 14, provided that no such amendment shall:

(a)  Revest any part of the Pension Fund in any Employer; or

(b)· Make possible the diversion of any part of the Pension Fund to any purpose other than the exclusive benefit of beneficiaries and members of the Program; or

(c)  Discriminate in favor of employees of any Employer who are officers, shareholders, persons whose principal duties consist of supervising the work of other employees, or highly compensated employees of such Employer; or

(d)  Decrease the proportionate interest of any beneficiary or member of the Program in the Pension Fund as of the date of such amendment; but any amendment may be made which is necessary to bring the Pension Program into conformity with laws and governmental regulations in order to qualify the Program for tax exemptions.

Each Employer who becomes a party to this Trust Indenture (other than APARTMENT EMPLOYERS' COUNCIL OF SAN FRANCISCO) and each Union that becomes a party hereto (other than SERVICE EMPLOYEES UNION, LOCAL 14) and each member of any Union which becomes a party hereto, each employee who is or may become a member of the Pension Program and each present and prospective beneficiary who is or may become at any time entitled to receive benefits under the Pension Program, particularly authorize APARTMENT EMPLOYERS' COUNCIL OF SAN FRANCISCO and SERVICE EMPLOYEES UNION, LOCAL 14, subject to the limitations specified in this section, to amend this Trust Indenture and the Pension Program in any respect which they believe it should be amended.  If the Trust Indenture or Pension Program is modified or amended, then the Trustees and each of them shall have the option to accept the modification or amendment and continue in office, or to resign.  No modification or amendment shall retroactively, or without the written consent of the Trustees, respectively, increase the duties, obligations, responsibilities or liabilities of the Trustees, or any of them.

Section 9.02.  It is contemplated in the collective bargaining agreement, out of which this Trust Indenture and the Pension Program arose, that the provisions of this Trust Indenture and of the Pension Program, insofar as they are controlling on the subject, shall at all times:

(a)  Be and remain such as to constitute the Pension Program one that is a qualified program under the provisions of Section 401(a)

of the Internal Revenue Code as to each Employer party to the Trust Indenture and the Pension Program;

(b)  Be and remain such that they comply with the provisions of the Labor-Management Relations Act of 1947, the Employee Retirement Income Security Act of 1974 and other applicable, valid federal or state law or rule or regulation;

(c)  Be and remain such that contributions to the Pension Fund shall not be part of the "regular rate" at which any employee is employed according to the terms of the Fair Labor Standards Act and the Regulations and interpretations of it; and shall not be subject to deductions under or for the purposes of the California Unemployment Insurance Act, the Federal Unemployment Tax Act, the Social Security Act, or the Federal Insurance Contributions Act, or any similar legislation.

To this end APARTMENT EMPLOYERS' COUNCIL OF SAN FRANCISCO and SERVICE EMPLOYEES UNION, LOCAL 14, expressly agree that they will, from time to time, promptly amend this Trust Indenture and the Pension Program in any respect appropriate to make their provisions clearly conform with these laws, rules and regulations. Any such amendment shall be made effective as of the date on which it is approved in writing by APARTMENT EMPLOYERS' COUNCIL OF SAN FRANCISCO and SERVICE EMPLOYEES UNION, LOCAL 14, or shall be made effective retroactive as of an earlier date as the circumstances require, providing any such retroactivity is otherwise legal and in conformity with the Internal Revenue Laws.

Section 9.03. This Trust is irrevocable. However, no Employer who now or hereafter becomes a party hereto shall, by reason of the fact, assume any contractual obligation as to the continuance of the Pension Program and each Employer who is, or who becomes a party hereto, reserves the right, at any time and for any reason, to discontinue participation in the Pension Program and the making of contributions to the Pension Fund, unless such Employer is contractually bound to do otherwise under a collective bargaining agreement.

Section 9.04. This Trust shall terminate upon the death of the last person entitled to benefits who is living at the time of the execution of this Trust Indenture. However, upon the death of the last survivor, if this Trust may continue for a longer period without the violation of any rule of

- 19 -

law, then this Trust shall not be terminated by the death of the last
survivor.  In no event shall this Trust continue for a longer period than
is permitted by the laws against perpetuities, or any other applicable
law.  Should it be determined that the term of this Trust does not violate
any such law, then this Trust shall be deemed for the longest term per-
mitted by law, but subject to the specific provisions of this Trust
Indenture.  This Trust may also be terminated by agreement in writing by
APARTMENT EMPLOYERS' COUNCIL OF SAN FRANCISCO and SERVICE EMPLOYEES UNION
LOCAL 14.  Otherwise, this Trust shall continue until all of its purposes
are accomplished.

     Section 9.05.  Upon receipt of satisfactory proof that this
Trust and the Pension Program have been terminated for any reason, the
Trustees shall promptly pay and discharge all of their existing obliga-
tions and shall promptly liquidate the assets of the Pension Fund and,
after deducting a reasonable fee and estimated expenses for the liquida-
tion and distribution thereof, shall distribute the net balance of the
Pension Fund according to law.

     THIS TRUST INDENTURE is executed by the Employer and the Union
through their duly authorized officers.


APARTMENT EMPLOYERS COUNCIL               SERVICE EMPLOYEES UNION
OF SAN FRANCISCO                          LOCAL NO. 14


By _Edward L. Rathbun_                    By _Philip J. Deredi_
   Edward L. Rathbun                       Philip J. Deredi
   **Vice-President**                       **President-Business Manager**


_Edward L. Rathbun_                       _Philip J. Deredi_
Edward L. Rathbun                         Philip J. Deredi
**Employer Trustee**                      **Union Trustee**

AMENDMENT NUMBER ONE
TO
APARTMENT EMPLOYEES PENSION
TRUST AGREEMENT

THIS AGREEMENT entered into between the under-
signed parties to the Apartment Employees Trust Agreement,

W I T N E S S E T H:

WHEREAS, the parties have met pursuant to notice
under Article IX of said Trust Agreement, and have agreed
in said meetings to amend the same in the respects herein
below set forth,

THEREFORE, it is agreed as follows:

Article V of said Trust Agreement shall be and
hereby is amended to add a new Section 5.17 to read as follows:

"Section 5.17.  Compatible with equitable
principles and to the extent which sound actuarial and
accounting principles and practices permit, the Pension
Program Trustees may enter into reciprocal arrangements for
transfer of credits to and from other similar pension plans
that are or may be established by unions and employers, and
in connection therewith, to provide for the payment of partial
retirement, survivor and death benefits."

IN WITNESS WHEREOF, the parties hereto have
executed this amendment to said Trust Agreement this 24/ day
of _August_, 1978, to be made effective January 1, 1976.

SERVICE EMPLOYEES UNION,                 APARTMENT EMPLOYERS'
LOCAL 14, affiliated with                COUNCIL OF SAN FRANCISCO
SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO

By _Philip J. Deredi_                    By _Edward L. Rathbun_
   Philip J. Deredi                         Edward L. Rathbun

Trustees:

_Philip J. Deredi_                       _Edward L. Rathbun_
PHILIP J. DEREDI                         EDWARD L. RATHBUN

AMENDMENT NUMBER TWO
TO
APARTMENT EMPLOYEES PENSION
TRUST AGREEMENT

THIS AGREEMENT entered into between the undersigned parties to the Apartment Employees Trust Agreement,

W I T N E S S E T H:

WHEREAS, the parties have met pursuant to notice under Article IX of said Trust Agreement, and have agreed in said meetings to amend the same in the respects herein below set forth,

THEREFORE, it is agreed as follows:

Article VII, Section 7.02 of said Trust Agreement shall be and hereby is amended to read as follows:

"Section 7.02. All monies received by the Trustees under any provision of this Trust Agreement shall be paid to, received and held by a Custodian, which shall be a corporation qualified under Section 412 of the Employee Retirement Income Security Act of 1974 and doing business within the State of California."

IN WITNESS WHEREOF, the parties hereto have executed this amendment to said Trust Agreement this ___7___ day of _____Mry_____, 1980, to be made effective January 1, 1980.

SERVICE EMPLOYEES UNION,
LOCAL 14, affiliated with
SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO

By _____
        Philip J. Deredi

Trustees:

_____
PHILIP J. DEREDI

APARTMENT EMPLOYERS'
COUNCIL OF SAN FRANCISCO

By _____
        Edward L. Rathbun

_____
EDWARD L. RATHBUN

6-2-4

# AMENDMENT NUMBER THREE
## to the
## AGREEMENT AND DECLARATION OF TRUST
## of the
## APARTMENT EMPLOYEES PENSION FUND

WHEREAS, the Trustees and the Employer and Union parties have met pursuant to notice under Article IX of the Agreement and Declaration of Trust, and have agreed pursuant to the authority vested in them to amend said Declaration of Trust in the respects set forth below,

THEREFORE, it is agreed:

1.     Effective June 1, 1994, Article V, Section 5.02 is hereby amended to read a follows:

a)     **Delinquent Contributions and Liquidated Damages.**

Each contribution to the Fund shall be made promptly and in any event on or before the 10th day of the calendar month in which it becomes payable; said contribution, if not then paid in full, shall be delinquent if not received by the 20th day of said month. The parties recognize and acknowledge that the regular and prompt payment of contributions to the Fund is essential to the maintenance in effect of the Pension Plan and that it would be impossible to fix the actual expense and damage to the Fund and to the Pension Plan which would result from the failure of the Employer to pay such monthly contributions in full within the time above prescribed.

Therefore, the amount of damage to the Fund and the Pension Plan resulting from any such failure shall be presumed to be the sum of One Hundred Dollars ($100.00) per delinquency or Ten Percent (10%) of the amount of the contribution or contributions due, whichever is greater, which amount shall become due and payable to the Fund as liquidated damages and not as a penalty, in San Francisco, California, upon the day immediately following the date on which the contribution or contributions become delinquent.

1

Said delinquent contribution or contributions shall be increased by the amount of said liquidated damages, plus interest at the rate of 6.5% per year, compounded monthly, until paid in full.

**b)**    <u>Audit and Enforcement of Contributions</u>.

1.    Upon request in writing from the Board, any Employer shall permit the Board's representative, including its certified public accountant, to enter upon the premises of such Employer during business hours, at a reasonable time or times, and to examine and copy such books, records, papers or reports of such Employer as the Trustees may deem necessary or appropriate to determine whether the Employer is making full and prompt payment of all sums required to be paid to the Fund.

2.    The Trustees shall have the power, in their own names or otherwise, as may be deemed necessary or desirable, to demand and enforce the prompt payment of contributions to the Fund, including payments due to delinquencies, and to assert and enforce all priorities, lien rights and other claims or rights with respect to any contributions or payments belonging to the Fund, this Trust or any of its beneficiaries, including the rights to file priority and other claims in bankruptcy.  In that connection, if any Employer refuses to permit the Trustees or their representative to examine or copy any records requested under Article V, Section 5.13 hereof, the Trustees are also empowered to enforce such production of records by suit, arbitration or other process.  In the event that any Employer fails to cure any delinquency or refusal to comply with any request to provide records, after receipt of written notice of delinquency or default, there shall be added to the obligation of the Employer all costs and expenses of collection or production of records, incurred by the Fund in any action or proceeding commenced to enforce such payment or production.  Such costs and fees which the Trustees are entitled to recover shall include, without limitation, court costs, arbitration fees, costs or fees of collection agents, and auditing fees, together with all reasonable attorneys' fees and reasonable compensation for employees or agents of the Trust Fund incurred in connection therewith.

3.    In the event an audit or review of any Employer's contributions to the Fund discloses the Employer has paid less than 90% of the contributions actually due and owing, then in addition to any other fees, costs or liquidated damages owing the Employer shall be liable to the Fund for the full cost of such audit or review.

2

**c)**    <u>Trustee Discretion To Waive Costs.</u>

Upon written request by an Employer, the Trustees in their discretion may waive all or a portion of assessed liquidated damages or audit costs, for good cause shown.

IN WITNESS WHEREOF, the parties hereto have executed this amendment to said Trust Agreement this 31st day of May, 1994, to be made effective June 1, 1994.

SERVICE EMPLOYEES UNION,
LOCAL 14, affiliated with SERVICE
EMPLOYEES INTERNATIONAL
UNION, AFL-CIO

APARTMENT EMPLOYERS' COUNCIL
OF SAN FRANCISCO

By _____
     Gerald F. Hipps

By _____
     Edward L. Rathbun

BOARD OF TRUSTEES:

_____
Gerald F. Hipps

_____
Edward L. Rathbun

3

## AMENDMENT NO. 5 TO AGREEMENT AND DECLARATION

## OF TRUST ESTABLISHING APARTMENT EMPLOYEES'

## PENSION TRUST

Pursuant to Article IX, Section 9.01 of the Declaration of Trust establishing the Apartment Employees' Pension Trust, the Apartment Employers Council of San Francisco and Service Employees Union Local 14 hereby amend such Declaration of Trust as follows:

1.  Article V, Section 5.02(b) is amended by adding a new subsection 4 to read as follows:

"4.  In the event any Employer fails to pay any required contribution, any liquidated damage, interest amount, audit fee, collection cost, or other fee or amount specified herein (hereinafter referred to as a "Claim"), then the Trustees may, at their sole discretion, refer any such Claim to binding arbitration. Such referral may be made at any time, and shall be effective upon written notice to the Employer.

The Trustees shall at all times maintain a panel of two or more arbitrators willing to act in such matter. The notice described above shall include a list of available arbitrators, and shall request the Employer to select one from the list. If the Employer fails to make a selection within fifteen (15) days from the date of the notice, the Trustees shall select the arbitrator.

The arbitration hearing shall be held within forty-five (45) days after the arbitrator is selected unless

1

both parties agree to a later date. The hearing date shall be chosen by the parties from a list of available dates provided by the arbitrator. If the parties cannot agree on a date within seven (7) days after such list is provided the date shall be selected by the arbitrator. The hearing shall be held at the office of the Trust Fund.

The arbitrator may subpoena witnesses for the hearing in accordance with Title 9 of the United States Code. There shall be no reporting service unless requested by either party, and the requesting party shall bear the expense of such service unless both parties agree to split the expense. No written briefs shall be filed unless both parties agree.

The arbitrator shall issue a written decision promptly following the conclusion of the hearing (or, where appropriate, following the submission of written briefs). The arbitrator shall have no power to alter any provision of this Trust Agreement or of any collective bargaining agreement.

If the Trustees are successful in recovering all or any portion of any Claim, then the arbitrator's award shall require the Employer to pay, in addition to the Claim or portion thereof (i) all attorneys' fees and collection agent's fees incurred by the Trustees under this subsection, and (ii) all costs of arbitration,

2

including the arbitrator's fee.     In all other circumstances the costs shall be divided equally, and each side shall bear their own attorneys' fees.

The arbitrator's award shall be final and binding. The award may be enforced or vacated as set forth in Title 9 of the United States Code."

2.    The foregoing amendment shall be effective on February 9, 1998.

IN WITNESS WHEREOF, the foregoing amendments have been executed by the parties on the date or dates specified below.

APARTMENT EMPLOYERS COUNCIL
OF SAN FRANCISCO

DATE:   February 9th, 1998

SERVICE EMPLOYEES UNION LOCAL 14

DATE:   February 13, 1998

12jrs\00141.PF

3

AMENDMENT NO. 6 TO
THE AGREEMENT AND DECLARATION OF TRUST FOR
THE APARTMENT EMPLOYEES PENSION TRUST

Pursuant to Article IX, Section 9.01 of the Agreement and Declaration of Trust for the Apartment Employees Pension Trust, the Apartment Employers Council, Inc. and Service Employees Union Local 14 hereby amend said Trust Agreement as follows:

1.    Article II, Section 2.01 is amended by adding a new subsection (q) to read as follows:

"(q) 'Corporate Co-Trustee' means the entity described in Article VII, Section 7.02. The Corporate Co-Trustee shall not be deemed a Pension Program Trustee for the purposes of this Trust Agreement."

2.    Article V, Section 5.11 is amended by adding the phrase "except as elsewhere provided herein" at the beginning of the first sentence.

3.    Article V, Section 5.11 is further amended by adding the phrase "Except where investment authority has been delegated to one or more investment managers under Section 7.06(c)" at the beginning of the second sentence, by placing a period after the phrase "reinvestment of the Pension Fund", and by deleting the remaining portion of such second sentence.

4.    Article VII, Section 7.02 is deleted in its entirety and the following substituted therefor:

"<u>Section 7.02</u>

(a)   All funds contributed to the Trust Fund shall be paid to the Corporate Co-Trustee who shall assist the Pension Program Trustees in carrying out their responsibilities under this Trust Agreement.   The Corporate Co-Trustee shall be a corporation qualified to render trust services in the State of California and subject to the supervision of the Superintendent of Banks or of the Comptroller of the Currency, or a bank that is a member of the Federal Reserve System.   The duties, responsibilities, rights and powers of the Corporate Co-Trustee shall be such as are delegated to it by the Pension Program Trustees and the same shall be set forth in a written agreement between the Pension Program Trustees and the Corporate Co-Trustee.   The Corporate Co-Trustee shall be a co-trustee for the purpose of holding title to the Trust Fund and of receiving, handling and disbursing funds pursuant to the provisions of this Trust Agreement and pursuant to any agreement between it and the Trustees.

(b)   The Corporate Co-Trustee shall be appointed by and, in accordance with the provisions of the agreement between the

Pension Program Trustees and the Corporate Co-Trustee, may be removed by the Pension Program Trustees.

(c)  The Corporate Co-Trustee shall be neutral within the meaning of Section 302 of the Labor Management Relations Act of 1947.

(d)  Notwithstanding anything to the contrary herein, the Pension Program Trustees shall have the authority to dispense with the Corporate Co-Trustee in whole or in part, and in such event a Custodian shall be designated to perform any functions of the Corporate Co-Trustee as set forth herein which are not to be performed by the Corporate Co-Trustee. Any such Custodian shall be a corporation qualified to render trust services in the State of California and subject to the supervision of the Superintendent of Banks or the Comptroller of the Currency, or a bank that is a member of the Federal Reserve System.  In such event wherever the term "Corporate Co-Trustee" appears elsewhere in this document it shall be read to include a Custodian if such Custodian has been designated in accordance with the provisions herein."

5.  The foregoing amendment shall be effective April 1, 1998.

IN WITNESS WHEREOF, the foregoing has been adopted this _____ day of March, 1998 in San Francisco, California.

APARTMENT EMPLOYERS COUNCIL, INC.

By: _____
        Robin Ziegler

SERVICE EMPLOYEES UNION LOCAL 14

By: _____
        Charles Gilchrist

RECD MAY 13 1999

# AMENDMENT NO. 7 TO DECLARATION OF TRUST
# FOR THE APARTMENT EMPLOYEES PENSION TRUST

Pursuant to Article IX, Section 9.01 of the Declaration of Trust established in the Apartment Employees Pension Trust, such Declaration of Trust is hereby amended as follows:

1.    Section 6.06 is amended by deleting said Section in its entirety and substituting the following therefore:

> "If there is a deadlock in the vote of the Pension Program Trustees on any matter within their jurisdiction, then the Trustee making the motion may at any time call a hearing to be held no later than thirty (30) days from the date that written notice of such hearing is made, and no earlier than the time limits for special meetings as set forth in this Trust Agreement. The impartial umpire selected in accordance with the provisions set forth below shall consider oral and written arguments presented by the parties on the deadlocked motion. The umpire shall issue a written decision within ten (10) days from the date of the hearing, which shall be final and binding on all parties.

> The umpire shall be selected by the Pension Program Trustees in accordance with the procedures set forth for the selection of arbitrators in the collective bargaining agreement between the Apartment Employers Council, Inc. and Service Employees International Union Local 14 in effect at the time the resolution is deadlocked. In the event no such provisions exist, the Pension Program Trustees shall jointly select an umpire in any manner chosen by them.

> If the parties cannot agree or if any party refuses to act, then either Trustee may petition the United States District Court for the Northern District of California for the appointment of an impartial umpire to resolve the deadlock.

> Any umpire selected or appointed hereunder may, upon good cause shown, extend the date for the hearing."

Amendment No. 7 to Declaration of Trust for
Apartment Employees Pension Trust
Page 2

    2.      The foregoing shall be effective on the date that both parties set forth below have executed this Amendment.

Apartment Employers Council
of San Francisco, Inc.

By: _____ PRES.

Dated: MAY 6 ____, 1999

Service Employees International
Union Local 14

By: _____

Dated: 5/11/99 ____, 1999

# AMENDMENT NO. 8 TO DECLARATION OF TRUST
# FOR THE APARTMENT EMPLOYEES PENSION TRUST

Pursuant to Article IX, Section 9.01 of the Declaration of Trust establishing the Apartment Employees Pension Trust, such Declaration of Trust is hereby amended as follows:

1.    The first paragraph of the preamble is amended by deleting the words "listed in Appendix "A" and made a part hereof" and substituting in their place the words "who are members thereof".

2.    The second paragraph of the preamble is amended by adding the following sentence at the end thereof:

> "The words "Service Employees Union, Local 14"
> shall be deemed to include any labor organization
> which is signatory to a Collective Bargaining
> Agreement."

3.    Section 1.02 is amended by substituting the words "Exhibit A" for the words "Exhibit B."

4.    Section 2.01, subsection (a) is amended by deleting such subsection in its entirety and substituting the following therefore:

> "(a) "Collective Bargaining Agreement" means a collective
> bargaining agreement between an Employer and the Union
> which requires contributions to this Trust, and which has been
> approved by the Pension Program Trustees as hereinafter
> provided."

5.    The first sentence in Section 2.01, subsection (c) is amended by deleting said sentence in its entirety and substituting the following therefore:

> "(c) "Employer" means a person, firm, or entity who
> is a party to a Collective Bargaining Agreement."

6.    Section 2.01, subsection (f) is amended by deleting such subsection in its entirety and substituting the following therefore:

> "(f) "Employer Trustee" is the Pension Program
> Trustee, or his alternate, selected by the Apartment
> Employers Council of San Francisco, acting on behalf
> of all Employers affected by this Trust Indenture."

7.     Section 2.01, subsection (g) is amended by deleting said subsection in its entirety and substituting the following therefore:

> "(g) "Union Trustee" is the Pension Program Trustee, or his alternate, selected by Service Employees Union, Local 14, on behalf of all employees affected by this Trust Indenture."

8.     Section 4.01 is amended by deleting said section in its entirety and substituting the following therefore:

> "The Trustees under this Trust Indenture shall be (2) in number, one of whom shall be the Employer Trustee and one of whom shall be the Union Trustee. The Alternate Trustees under this Trust Indenture shall be (2) in number, one of whom shall be the Employer Alternate Trustee and one of whom shall be the Union Alternate Trustee.
>
> The Employer Trustee and the Employer Alternate Trustee shall be selected by the Apartment Employers Council of San Francisco, acting on behalf of all Employers affected by this Trust Indenture.  The Union Trustee and the Union Alternate Trustee shall be selected by the Service Employees Union, Local 14, acting on behalf of all employees affected by this Trust Indenture.  Each such appointment shall be certified in writing by the appointing entity, and such writing shall be deposited in the office of the Pension Program Trustees.
>
> The Employer Alternate Trustee and the Union Alternate Trustee shall, in the event of emergency involving inability of a Trustee to act, act in the place and stead of the  respective Employer or Union Trustee until such time as another Employer or Union Trustee shall be designated to act, or until such time as the original Employer or Union Trustee is again able to act."

Amendment No. 8 to Declaration of Trust
For the Apartment Employees Pension Trust
Page 3 of 3

9.    A new section 5.17 shall be added to read as follows:

> "The Pension Program Trustees may set standards for participation by Employers or employees covered under a Collective Bargaining Agreement, including the rate of contribution required thereunder, which shall be binding upon all parties.   No collective bargaining agreement shall be deemed a Collective Bargaining Agreement as defined herein unless the same has been approved by the Pension Program Trustees."

10.    Section 9.01 is amended by deleting the words "and the Pension Program" in the first and second paragraphs thereof.  This section is further amended by deleting the words "or Pension Program" in the second sentence of the second paragraph.

11.    The foregoing amendments shall be effective on the date of execution.

MARCH

Dated: February 31, 2000          Apartment Employers Council of San Francisco, Inc.

By: _____

Dated: February 29, 2000          Service Employees International Union Local 1877

By: _____

c:\...\0149\amend8.pension