Charles Gilchrist, et al. v. Able Building
Maintenance Co.,, et al.
Case No. CV 07-5802-SC
United States District Court
Northern District of California –San Francisco Division

# EXHIBIT E

## (Part 1 of 2)

# AGREEMENT AND DECLARATION OF TRUST

## BETWEEN

## SERVICE EMPLOYEES UNION LOCAL NO. 14

## AND

## APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO

THIS AGREEMENT and DECLARATION OF TRUST, made and entered into the 1st day of January, 1976, at the City and County of San Francisco, State of California, by and between APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO, herein called Employer, acting on behalf of the persons, firms and corporations listed in Appendix A, made a part hereof, and SERVICE EMPLOYEES UNION, LOCAL NO. 14, S.E.I.U., herein referred to as Union, acting on behalf of certain of its members and other Service employees to whom this Agreement applies, and EDWARD L. RATHBUN and PHILIP J. DEREDI, hereinafter referred to as Trustees, and GEORGE DETWEILER and EDWARD J. BRINKMAN, JR., hereinafter referred to as Alternate Trustees,

### WITNESSETH:

WHEREAS, Employer and Union have entered into a collective bargaining agreement requiring payments by Employer for the purpose of establishing a health and welfare program, and

WHEREAS, to effectuate the aforesaid purpose, it is desired to create a Trust and to establish a Trust Fund for health and welfare benefits in accordance with the provisions of applicable laws, and the agreement of the parties, such Fund to be used in the manner hereinafter set forth,

NOW, THEREFORE, this Agreement and Declaration of Trust further witnesseth:

That in consideration of the premises and in order to create said Trust to be known as APARTMENT EMPLOYEES WELFARE FUND, it is mutually understood and agreed as follows:

EXHIBIT E

-1-

## ARTICLE I

<u>Section 1.</u>   All references herein to Employer shall include any and all other employers who may hereafter become parties to this Agreement.

<u>Section 2.</u>   Employer and Union hereby create and establish with the Trustees, herein designated a Trust to be known as APARTMENT EMPLOYEES WELFARE FUND, the assets of which shall be derived from Employer payments in the amount and manner set forth in the applicable, prevailing collective bargaining contract between the Employer and the Union, and payments from other sources as will hereinafter appear.

The assets of the Trust Fund shall also include all insurance policies and/or group coverage contracts (including dividends, refunds, or other sums payable to the Trustees on account of such policies and/or contracts and all investments made and held by the Trustees on account of such policies and/or contracts), all investments made and held by the Trustees, all moneys received by the Trustees as Employer payments, all moneys received by the Trustees as other payments, or as income from investments made and held by the Trustees, or otherwise, and any other money or property of any kind or character received and held by the Trustees, or otherwise, and any other money or property of any kind of character received and held by the Trustees for the uses, purposes and Trust set forth in this Agreement and Declaration of Trust.

<u>Section 3.</u>   The Trustees of this Trust are hereby designated as the persons to receive the payments heretofore or hereafter made by Employer and anyone else to APARTMENT EMPLOYEES WELFARE FUND, and the Trustees are hereby vested with all right, title and interest in and to such moneys and all interest accrued thereon, and are authorized to receive and be paid same.

<u>Section 4.</u>   The Trustees agree to receive all such payments, deposits, moneys, policies, contracts, or other properties and assets described or referred to in Sections 2 and 3 of this Article, and to hold the same in trust hereunder for the uses and purposes of the Trust. No indicia of ownership of any assets shall be maintained outside the jurisdiction of the District Courts of the United States except to the extent permitted by law.

<u>Section 5.</u>   The APARTMENT EMPLOYEES WELFARE FUND is created and established for the purpose of providing and maintaining health and welfare benefits for employees in accordance with the terms and provisions of the applicable prevailing collective bargaining contract between Employer and Union.

The Trustees shall from time to time, agree upon and formulate the provisions, regulations and conditions of the health and welfare plans herein contemplated with respect to all matters which the Trustees may deem appropriate for the determination of benefits and the administration of the program. The Trustees may amend such plan from time to time, provided that such amendments comply with the purposes above stated.

2.

Section 6. The Trustees shall use and apply the property and assets of the APARTMENT EMPLOYEES WELFARE FUND for the following purposes:

(a) To pay and provide for the payment of all reasonable and necessary expenses of collecting Employer and other payments, and administering the affairs of APARTMENT EMPLOYEES WELFARE FUND, including, but without limitation, all expenses which may be incurred with the establishment and maintenance of APARTMENT EMPLOYEES WELFARE FUND, the employment of such administrative, legal, expert and clerical assistance, the leasing or purchasing of such premises, and the leasing or purchasing of such materials, supplies and equipment as the Trustees in their discretion find necessary or appropriate in the performance of their duties.

(b) To make appropriate provision for the bonding and insuring of themselves and the employees or agents who handle the assets of the Fund.

(c) To pay or provide for the payment of the various premiums on the policy or insurance and/or group coverage contract when such premiums shall become due, and to pay or provide for the payment or subscription, charges, deposits or other payments under group contracts for medical, hospitalization and/or surgical benefits, dental program and life insurance.

## ARTICLE II

Section 1. The Trustees under this Agreement and Declaration of Trust who shall be Trustees of the Trust created and established herein shall be two (2) in number, one (1) of whom shall be the Employer Trustee and one (1) of whom shall be the Union Trustee.

Section 2. The Employer Trustee shall be EDWARD L. RATHBUN.

Section 3. The Union Trustee shall be PHILIP J. DEREDI.

Section 4. Alternate Trustees under this Agreement and Declaration of Trust shall be two (2) in number, one (1) of whom shall be the Employer Alternate Trustee and one (1) of whom shall be the Union Alternate Trustee.

Section 5. The Employer Alternate Trustee shall be GEORGE DETWEILER.

Section 6. The Union Alternate Trustee shall be EDWARD J. BRIDGEMAN, JR.

3.

Section 7. The Employer Alternate Trustee and the Union Alternate Trustee shall in the event of emergency involving inability of a Trustee to act, act in the place and stead of the respective Employer or Union Trustee, and until such time as another Employer or Union Trustee shall be designated to act, or until such time as the original Employer or Union Trustee is again able to act.

Section 8. The Trustees named herein hereby accept the Trust created and established by this Agreement and Declaration of Trust and consent to act as Trustees therefor. The signature of a Trustee to this Agreement and Declaration of Trust on any counterpart or copy hereof shall be conclusive evidence of his acceptance as aforesaid.

Section 9. The Alternate Trustees named herein hereby accept the Trust created and established by this Agreement and Declaration of Trust and consent to act as Alternate Trustees therefor. The signature of an Alternate Trustee to this Agreement and Declaration of Trust on any counterpart or copy hereof shall be conclusive evidence of his acceptance as aforesaid.

Section 10. Hereafter, Trustee shall include Alternate Trustee when appropriate.

Section 11. Each Trustee above-named and his successor Trustee shall continue to serve as such without compensation until his death, incapability, resignation, or removal as herein provided.

Section 12. A Trustee may resign and become and remain fully discharged from further duty or responsibility hereunder upon giving thirty (30) days' notice in writing to the remaining Trustee, or such shorter notice as the remaining Trustee may accept as sufficient, in which notice there shall be stated a date when such resignation shall take effect; and such resignation shall take effect on the date specified in the notice, unless a successor Trustee shall have been appointed at an earlier date, in which event such resignation shall take effect immediately upon the appointment of such successor Trustee.

Section 13. (a) In case any Employer Trustee or any successor Employer Trustee shall die, become incapable of acting, resign, or be removed, a successor Employer Trustee shall be designated within two (2) weeks by APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO.

Upon the filing with the remaining Trustee of a certificate in writing as signed by authorized representative of APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO, such designation shall be effective and binding in all respects.

-4-

An Employer Trustee or any successor Employer Trustee may be removed at any time by APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO by filing with the remaining Trustee a certificate in writing to such effect executed by an authorized representative of APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO.

(b) In case any Union Trustee or any successor Union Trustee shall die, become incapable of acting, resign, or be removed, a successor Union Trustee shall be designated within two (2) weeks by the Union.

Upon the filing with the remaining Trustees of a certificate in writing as signed by an authorized representative of the Union, such designation shall be effective and binding in all respects.

A Union Trustee or any successor Union Trustee may be removed at any time by the Union by filing with the remaining Trustee a certificate in writing to such effect executed by an authorized representative of the Union.

(c) It is the intention hereof that APARTMENT EMPLOYEES WELFARE FUND shall at all times be administered by an equal number of Employer Trustees and Union Trustees.

Section 14. Any successor Employer Trustee or any successor Union Trustee shall immediately upon his designation as such and his acceptance of the Trusteeship in writing filed with the remaining Trustee and upon signing this Agreement become vested with all property rights, powers and duties of a Trustee hereunder with like effect as if originally named as a Trustee, and the remaining Trustee then in office, and the insurance carriers, and the organizations with which group contracts providing medical, hospitalization and/or surgical, dental program and life insurance benefits are in effect shall be promptly notified.

ARTICLE III

Section 1. The Trustees are authorized and empowered to lease or purchase such premises, materials, supplies and equipment, and to hire and employ and retain such legal counsel, investment counsel, administrative, accounting, actuarial, clerical and other assistants or employees as in their discretion they may find necessary or appropriate in the performance of their duties.

Section 2. The Trustees may exercise all rights or privileges granted or allowed under each insurance policy

5.

or group contract and may agree to any alteration, modification or amendment of any such policy or contract and may take any action respecting same which they in their discretion may deem prudent and necessary or advisable and the insurance carrier or organization which such group contract is in effect shall not be required to inquire into the authority of the Trustees.

Section 3. The Trustees shall have power to construe the provisions of this Agreement and Declaration of Trust, and the terms used herein and any construction adopted by the Trustees in good faith shall be binding upon the Employer, the Union and the employees.

Section 4. The Trustees are hereby empowered in addition to such other powers as are set forth herein or conferred by law all of which shall be exercised with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims:

(a) To invest and reinvest such part of the Trust Fund as in their sole judgment is advisable and is not required for current expenditures in such securities as they may select. Investments shall be diversified in order to minimize the risk of large losses, unless under the circumstances it is clearly not prudent to do so, and shall be made only in the manner and to the extent permitted by law.

(b) To sell, exchange, lease, convey or dispose of any property, whether real or personal, at any time forming a part of the Trust Fund upon such terms as they may deem prudent and to execute and deliver any and all instruments of conveyance and transfer in connection therewith.

(c) To vote in person or by proxy upon securities held by the Trustees and to execute by attorney any other rights of whatsoever nature pertaining to securities or any other property at any time held by them hereunder.

(d) To exercise options, conversion privileges, or rights to subscribe for additional securities and to make payment therefor.

(e) To consent to or participate in dissolutions, reorganizations, consolidations, mergers, sales, leases, mortgages, transfers or other changes affecting securities held by them and in connection therewith, and to pay assessments, subscriptions or other charges.

(f) To enter into any and all contracts and agreements for carrying out the terms of this Agreement and Declaration of Trust and for the administration of the Trust Fund and to do all acts as they in their discretion may deem prudent and necessary or advisable, and such contracts and agreements and acts shall be binding and conclusive on the Employer, the Union and the employees involved.

(g) To compromise, settle, arbitrate and release claims or demands in favor of or against the Trust, or such terms and conditions as the Trustees may deem advisable.

(h) To keep property and securities registered in the name of the Trustees or in the name of a nominee or nominees or in unregistered or bearer form.

(i) To keep property or securities in the custody of a bank or trust company qualified under Section 412(a)(2) of Employee Retirement Income Security Act of 1974.

(j) To establish and accumulate as part of the Trust Fund a reserve or reserves, adequate, in the opinion of the Trustees, to carry out the purpose of the Trust. The Trustees shall establish a funding policy, which shall be reviewed at least annually.

(k) To borrow money in such amounts and upon such terms and conditions as shall be deemed advisable by the Trustees or proper to carry out the purposes of the Trust and to pledge any securities or other property for the repayment of any such loans.

(l) To hold part or all of the funds of the Trust uninvested.

(m) To pay out of the funds of the Trust all real and personal property taxes, income taxes and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust Fund or any money, property or securities forming a part thereof.

(n) To purchase or lease real and personal property of any kind or character for investment purposes if such is deemed to be advantageous to carry out the purposes of the Trust.

(o) To engage in any lawful business of any kind or character if such is deemed to be advantageous to carry out the purposes of the Trust.

(p) To bring any other employer of any kind or character within the provisions of this Agreement, and to cover

-7-

any employees of any kind of character under the terms of this Agreement in such manner as the Trustees may deem fit and proper. Trustees, however, agree to accept contributions from and to obtain coverage for the employees of (1) firms, partnerships, corporations or individuals who may hereafter become members of APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO and who shall agree in writing to accept all of the terms of the collective bargaining agreement between the Council and the Union, and (2) firms, partnerships, corporations or individuals other than members of APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO who by contract with the Union have agreed or may hereafter agree to be bound by all of the general rules governing hours and working conditions and minimum rates of pay of the collective bargaining agreement between the Council and the Union, and who have agreed or may hereafter agree to make contributions in the same amount as those provided in said collective bargaining agreement between the Council and the Union for the purposes therein stated. The making of a contribution or contributions by any employer to the Trustees shall be conclusive evidence of his assent to this Agreement and Declaration of Trust, and of the fact that he is bound by all of the terms hereof. The Trustees agree to provide such coverage as they may decide provided it is available under the plan.

(q) The Trustees may, at any time and under any circumstances, upon the failure or refusal of any employer to make required contributions, pay or provide for the payment from the Fund for the cost of providing the benefits hereunder to the eligible employees of such delinquent employer, but the Trustees shall not be obligated either to said employees or to said employer to make or provide such payments, and they shall incur no liability whatsoever either individually or collectively for their failure or refusal to do so. In the event such payments are made by the Trustees from the Fund on behalf of such delinquent employer, the Fund shall be reimbursed by said employer for such payments together with any additional costs or administrative expenses resulting from the delinquency or failure of said employer to make such payment when due, and it is agreed that the determination of the Trustees as to the amount of additional expenses shall be final and binding on the employer, and the Trustees shall have authority to enforce such right of reimbursement under the provisions of Section 4 of Article IV.

(r) To bill any employer for contirbutions which he is obligated to make, and to send to any employer a notice of delinquency in the event a contribution due from such employer has not been made when due. If the Trustees so bill an employer and so send him a notice of delinquency as aforesaid, and said employer still does not make the contribution

8.

due and owing from him, the Trustees may send the employer a statement of the balance due and owing, together with a notice of delinquency and request that said employer appear before such Trustees at a time and place designated in such notice for a hearing to determine the facts and circumstances in relation to such delinquency. Such notice shall inform the employer of the authority herein vested in the Trustees under this Agreement and Declaration of Trust to hold the employer personally liable for whatsoever benefits to which any of his eligible employees may become entitled or to which they would have become entitled had such employer not been delinquent. The Trustees shall make reasonable effort to serve such statement of balance due, notice of delinquency and notice to appear at such hearing upon the employer by effecting personal delivery thereof to him. If reasonable efforts fail, service shall be made as provided for herein in Section 6 of Article VI. If such employer fails to appear for any such hearing when so requested to do so, the Trustees may proceed with such hearing in his absence. At the conclusion of such hearing, the Trustees shall have the power to (1) enforce the payment of contributions by such contributor as set forth in Section 4 of Article IV of this Agreement and Declaration of Trust, (2) decide that the employer shall be personally and directly liable under this Agreement and Declaration of Trust for whatever benefits to which any or all of his eligible employees may become entitled and to which they would have become entitled had such employer not been delinquent during the period of delinquency as provided under any group insurance policy or any group contract coverage or any other methods of providing said benefits which may be in effect under this Agreement and Declaration of Trust at the time of such delinquency, and if such decision is made as aforesaid, the Trustees are authorized and empowered to file suit on behalf of any such employee or employees in any court of competent jurisdiction to recover such amount of money as is necessary to pay for such benefits, and in such action the court may award as part of the judgment a reasonable sum as and for necessary attorneys fees incurred by the Trustees and a reasonable sum as and for any and all other necessary expenses incurred by the Trustees, and/or (3) to take any and all other action or actions in the premises that they deem necessary and proper. If at the conclusion of such hearing the Trustees cannot agree upon what action should be taken in the premises, the matter falls within the provisions of Section 9(b) of this Article.

(s)  To provide errors and omissions and fiduciary liability insurance at the expense of the Trust insuring the Trustees, other fiduciaries and the Trust itself against the wrongful acts or omissions of fiduciaries for the protection of the Trust, provided that such insurance, to the extent required by law, shall permit recourse by the insurance carrier

against the fiduciaries who commit breaches of fiduciary duty. Nothing herein shall be deemed to preclude a Trustee, fiduciary, Employer, or Union from purchasing such insurance for the individual protection of a fiduciary or from purchasing a waiver of such right of recourse by the insurance carrier of any insurance policy purchased by the Trust Fund, with respect to such fiduciary.

(t) To do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary or proper for the protection of the property held hereunder.

Section 5. The Trustees shall promulgate such other rules and regulations as may in their discretion be deemed proper and necessary for the sound and efficient administration of the Trust, provided that such requirements, rules and regulations are not inconsistent with this Agreement and Declaration of Trust.

Section 6. Neither the Trustees nor any individual or successor Trustee shall be personally answerable or personally liable for any liabilities or debts of the APARTMENT EMPLOYEES WELFARE FUND contracted by them as such Trustees, or for the nonfulfillment of contracts, but the same shall be paid out of the Trust Fund and the Trust Fund is hereby charged with a first lien in favor of such Trustees for his or their security and indemnification against any liability of any kind which the Trustees or any of them may incur hereunder; provided, however, that nothing herein shall exempt any Trustee from liability arising out of his own wilful misconduct, bad faith or negligence, or entitle such Trustee to indemnification for any amounts paid or incurred as a result thereof.

The Trustees and each individual Trustee shall not be liable for any error of judgment or for any loss arising out of any act or omission in the execution of the Trust so long as they act in good faith and without negligence; nor shall any Trustee, in the absence of his own wilful misconduct, bad faith or negligence, be personally liable for the acts or omissions of the other Trustee, or of any agent or attorney elected or appointed by or acting for the Trustees.

The Trustees shall be fully protected in acting upon any instrument, certificate, or paper believed by them to be genuine and to be signed or presented by the proper person or persons, and shall be under no duty to make any investigation or inquiry as to any statement contained in any such writing, but may accept the same as conclusive evidence of the truth and accuracy of the statements therein contained.

The payments herein provided shall be computed by the respective employers, and the Trustees upon receipt thereof may rely on the accuracy of such computations and accept their payments without independent verification except as the Trustees may otherwise direct.

Sent By: ALLIED ADMINISTRATORS;    4152684124;    Nov-13-07 16:44;    Page 11/19

Neither the Employer nor the Union shall be liable in any respect for any of the obligations of the Trustees because such Trustees are officers of or in any way associated with the Employer or the Union, it being understood that each of the Trustees designated acts as a representative in a statutory sense only and not as an agent of any person, firm, corporation or organization.

Any Trustee made a party to any action, suit or proceeding by reason of the fact that he is or was a Trustee shall be indemnified by the Trust against the reasonable expenses, including attorneys fees, actually and necessarily incurred by him in connection with the defense of such action, suit or proceeding, or in connection with any appeal therein, except in relation to matters as to which it shall be adjudged in such action, suit or proceeding that such Trustee is liable for wilful misconduct, bad faith or negligence in the performance of his duties. Such right of indemnification shall not be deemed exclusive of any rights to which such Trustee may be otherwise entitled.

Notwithstanding any other provision of this Agreement, the Trustees shall not be exempt from any liability, obligation or debt arising out of their individual or collective acts or omissions done or suffered in breach of the duties and responsibilities imposed upon them by Title I, Part 4 of the Employee Retirement Income Security Act of 1974.

Section 7. The Trustees shall keep true and accurate books of account and records of all their transactions, which shall be open to the inspection of each of the Trustees at all times and which shall be audited semi-annually or oftener by a certified public accountant selected by the Trustees. Such audits shall be available at all times for the inspection by duly authorized representatives of the Union and the Employer at the principal office of the Trust. A statement of the results of such audits shall be available at all times for inspection by interested persons at the principal office of the Trust and at such other places as may be designated in any appropriate collective bargaining agreement.

The Trustees shall prepare and cause to be prepared such reports, descriptions, summaries and other information as are required by law or as the Trustees deem necessary and to file and furnish such reports, descriptions, summaries and information to participants and their beneficiaries, Unions, Employers and to government agencies as required by law.

Section 8. Meetings of the Trustees shall be held at any time at the request of any Trustee by the giving of at least two (2) days' written notice to the remaining Trustees. Any notice of meeting required under this section may be waived in writing before or after such meeting.

11.

Section 9.   (a)  Questions concerning any action to be taken by the Trustees pursuant to this Agreement and Declaration of Trust shall be decided by the unanimous vote of the Trustees present at the Trustees' meeting, or without a meeting upon the written consent of the Trustees.

(b)  Whenever the Trustees are unable to reach an agreement on a question as above provided at two successive meetings of the Trustees, or whenever there is a lack of the necessary quorum of two Trustees at two successive meetings, the question shall be submitted for decision to SAM KAGEL as impartial umpire.  In the event the services of the impartial umpire are utilized as provided for herein, all costs thereof including stenographic and reporting costs shall be paid out of the Fund.

The umpire shall be required to render his decision as promptly as possible and his decision shall be final and binding on all parties providing it does not contravene any of the provisions of this Agreement and Declaration of Trust.  The scope of any arbitration proceeding shall not infringe upon the area of basic provisions agreed upon in the applicable prevailing collective bargaining agreement entered into by the parties, nor shall such arbitrator have power or authority to alter, change or modify any of such basic provisions.

In resolving matters of disagreement between the Trustees as above provided, both the Employer Trustee and the Union Trustee may each employ counsel (the counsel for each to receive the same amount of compensation as the counsel for the other) and the expense involved shall be charged to the Fund.

In the event the impartial umpire cannot act and the parties cannot agree upon another impartial umpire within a reasonable length of time, an impartial umpire to decide such dispute shall, on petition of either the Union or the Employer, be appointed by the U.S. District Court, Southern Division, Northern District of California, the District Court of the United States for the district where the Fund has its principal office.

(c)  In the event that at any time less than two Trustees are in office, no action shall be taken by the then Trustee, until two Trustees are in office, unless either party shall have failed to designate the successor Trustee within the time hereinabove set forth, in which event the remaining Trustee may submit any unresolved question to arbitration as above provided.

Section 10.  The Trustees may jointly execute any notice or other instrument in writing and all persons, partnerships, corporations or associations may rely thereupon

that such notice or instrument has been duly authorized and is binding on the Trust and the Trustees.

Section 11. All moneys received by the Trustees hereunder shall be deposited by them in such bank or banks, qualified under Section 412(a)(2) of the Employee Retirement Income Security Act of 1974, as the Trustees may designate for that purpose and all withdrawals of moneys from such account or accounts shall be made only by checks signed by the Trustees, except as provided hereafter. No check shall be valid unless signed by two persons of whom one shall be the Union Trustee or his designee, and one the Employer Trustee or his designee.

Section 12. The Trustees may, in their discretion, at any time or from time to time, but shall not less frequently than twice each year beginning with the period ending December 31, 1952, render written accounts of their transactions and make the same available to the Employer and the Union. The Employer, the Union, and the employees involved shall be deemed to have approved any such account unless they shall file with the Trustees written objections thereto within sixty (60) days after the Employer and the Union have been notified that such account is available for inspection, and in the absence of such objection, the Trustees shall be released, relieved and discharged with respect to all matters and things set forth in such accounts as though the same had been settled by the decree of a court of competent jurisdiction.

Section 13. The Trustees shall administer the Fund in conformity with this Agreement and Declaration of Trust, as from time to time amended, in accordance with the requirements of applicable laws.

Section 14. Claims Review and Appeals Procedures. The Trustees shall establish an appropriate procedure for review of all claims for retirement benefits which may be subject to denial under the Welfare Fund, or rules or regulations thereunder, for due notification to participants and beneficiaries of the denial of the claim and the reasons therefor, and shall establish a procedure under which a claimant or his representative may appeal the denial of a claim.

Section 15. Delegation of Responsibility.
(a) The Trustees may retain or employ a person or organization to act as Trust Administrator to whom the Trustees may delegate, to the extent the Trustees deem necessary or appropriate and in accordance with applicable law, their authority and responsibility to administer the affairs of the Trust Fund and the Plan.

(b) A majority of the Trustees may allocate any or all of their duties in the management and control of the Trust Fund to individual Trustees or committees of Trustees, whereupon

13.

responsibility and liability for the performance of said duties shall attach only to the persons who have received such allocations.

(c) The Trustees from time to time may appoint one or more Investment Managers who shall have the power to manage, acquire or dispose of all or such portion or portions of the Trust assets as the Trustees shall determine. Such appointments shall not be effective until accepted by the Investment Manager in a writing delivered to the Trustees which acknowledges that such Investment Manager is a fiduciary with respect to the Trust Fund. No person or organization shall be so appointed other than one who is registered as an investment advisor under the Investment Advisors Act of 1940, as amended, or is an insurance company qualified to perform the services of an investment manager under the laws of more than one state, or is a bank as defined in said Act.

Section 16. The Trustees shall serve without compensation from the Trust Fund. The Trustees may be reimbursed for expenses properly and actually incurred in attending regular, special, or committee meetings of the Board of Trustees, in attending conferences, seminars and workshops relating to welfare plan operation and administration, or in otherwise carrying out or conducting the affairs of the Trust.

ARTICLE IV

Section 1. Payments as provided in Article I, Section 3 hereof shall be made promptly.

Section 2. The Trustees shall have the power to demand, collect and receive such Employer payments and other payments and shall hold such moneys as the "APARTMENT EMPLOYEES WELFARE FUND", for the purposes specified in this Agreement and Declaration of Trust.

Section 3. The failure of an Employer to make the payments required hereunder promptly when due shall be a violation of the collective bargaining agreement between such Employer and the Union as well as a violation of such Employer's obligations hereunder.

Section 4. In addition to any other enforcement remedies which may exist under the parties' collective bargaining agreements and under this Agreement and Declaration of Trust, the Trustees are authorized and empowered to take whatever proceedings may be proper and necessary in their discretion for enforcement of Employer's obligations including but not limited to proceedings at law and in equity and arbitration and any remedies which would be generally available to the parties for enforcement of their collective bargaining agreements. If a court action is filed under this Section or under the general

14.

powers given to the Trustees under this Agreement and Declaration of Trust, or under any applicable collective bargaining agreement, the defendant employer agrees that the court may award as part of the judgment a reasonable sum as and for necessary attorneys fees incurred by the Trustees and a reasonable sum as and for any and all other necessary expenses incurred by the Trustees.

## ARTICLE V

Section 1. The Trust herein may be terminated when there is no longer in force any agreement between APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO and SERVICE EMPLOYERS UNION, LOCAL NO. 14, S.E.I.U., requiring any employer payments to such Trust Fund for the purposes hereinabove provided.

The Trust may be terminated at any time by the unanimous vote of the Trustees with the consent of the APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO and the Union.

Section 2. In the event of termination of the Trust, the Trustees shall apply the Fund to pay or to provide for the payment of any and all obligations of the said Trust and distribute or apply any remaining surplus in such manner as will, in their opinion, best effectuate the purpose of the said Trust; provided, however, that no part of the corpus or income of said Trust shall be used for or diverted to purposes other than the exclusive benefit of employees, or the families or beneficiaries of employees, or the administrative expenses of said Trust or the welfare plan or for other payments in accordance with the provisions of such plan.

Section 3. Upon termination of the Trust, the Trustees shall forthwith notify the Union, the Employer, and the insurance carrier of the Policy or Policies and the organizations with which Group Contracts for medical, hospitalization and/or surgical benefits, dental program and life insurance benefits are in effect, and shall continue as Trustees for the purpose of winding up the affairs of the Trust, and may take any action with regard to Insurance Policies or Group Contracts which may be required by the insurance carrier and such organizations and which the Trustees in their discretion may deem appropriate.

## ARTICLE VI

Section 1. (a) No employee nor any person claiming by or through such employee by reason of having been named a beneficiary in a certificate or otherwise shall have the right, title or interest in or to the funds or other property of the

15.

APARTMENT EMPLOYEES WELFARE FUND or any part thereof, except as specifically provided.

(b) No moneys, property or equity or interest of any nature whatsoever in the Trust or Trust Funds or policies, contracts or benefits or moneys payable therefrom shall be subject in any manner, by any employee or person claiming through such employee to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, garnishment, execution, mortgage, lien, or charge, and any attempt to cause the same to be subject thereto shall be null and void.

Section 2. No person, partnership, corporation or association dealing with the Trustees shall be obligated to see to the application of any funds or property of the Trust or to see that the terms of the Trust have been complied with or be obligated to inquire into the necessity or expediency of any act of the Trustees and every instrument effected by the Trustees shall be conclusive in favor of any person, partnership, corporation or association relying thereon that

(a) at the time of the delivery of said instrument the Trust was in full force and effect;

(b) said instrument was effected in accordance with the terms and conditions of this Agreement and Declaration of Trust; and

(c) the Trustees were duly authorized and empowered to execute such instrument.

Section 3. Anything contained in this Agreement and Declaration of Trust, or any amendment hereof, to the contrary notwithstanding, no part of the corpus or income of the Fund shall be used for, or diverted to purposes other than for the exclusive benefit of the employees or the spouses and children or beneficiaries of employees or the expenses (including taxes) of said Trust Fund.

Section 4. The Trustees shall have and maintain an office in San Francisco, California. The Trustees may from time to time change the location of their office within said City, but no change shall be effective until notice thereof shall have been given to the Union and the APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO.

Section 5. The address of the Union and of APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO shall be that stated on the signature pages of this Agreement and Declaration of Trust. The Union and/or the APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO

16.

may change their respective addresses by written notice to the Trustees stating the new addresses, and such changed address shall be kept on file by the Trustees.

Section 6. Notices given to the Trustees, APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO, Union or Employer hereunder shall (unless herein otherwise specified) be sufficient if in writing and delivered to, or sent by postpaid first class mail or prepaid telegram to the addressee thereof at his, her, their or its address. Except as herein otherwise provided, distribution or delivery of any statement or document required hereunder to be made to the Trustees, Union, APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO or Employer shall be sufficient if delivered in person or if sent by postpaid first class mail to his, her, their, or its address.

## ARTICLE VII

This Agreement and Declaration of Trust may be amended in any respect from time to time, except in regard to the compensation of the Trustees, by the unanimous vote of the two Trustees, provided that each such amendment shall be duly executed in writing by the Trustees and annexed hereto and a copy thereof shall be distributed to APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO, Employer, and Union; provided that any such amendment shall not be inconsistent with the provisions of the applicable prevailing collective bargaining contracts between the parties. As to any amendment, the Trustees, in their sole discretion, shall have full power to fix the effective date thereof.

## ARTICLE VIII

Section 1. This Agreement and Declaration of Trust may be executed in one or more counterparts. The signature of a party on any counterpart shall be sufficient evidence of his execution thereof.

Section 2. Any employer may participate in this Fund on behalf of employees whether or not any of such employees is covered by a collective bargaining agreement with any union and whether or not any such employee is a member of a union, providing the Trustees permit such participation. Such participation may be for any coverage permitted by the Trustees and payment to the Fund shall be made in an amount determined by the Trustees uniformly for all similarly participating employers.

Section 3. This Agreement and Declaration of Trust shall be deemed to have been executed and delivered in, and

with reference to the laws of the State of California, and it and the Trust established and created hereunder shall be governed by said laws.

Section 4. If any part of this Agreement and Declaration of Trust shall be deemed unlawful, the remaining provisions shall not be affected thereby, but shall remain effective.

IN WITNESS WHEREOF, APARTMENT EMPLOYERS COUNCIL OF SAN FRANCISCO and the Union named herein have caused this instrument to be duly executed on their behalf by their proper officers, thereunto duly authorized, and the Trustees and Alternate Trustees named herein have hereunto set their respective hands and seal the day and year above written.

APARTMENT EMPLOYERS COUNCIL
OF SAN FRANCISCO

By *[signature]*
Edward L. Rathbun
Vice-President

*[signature]*
Edward L. Rathbun
Employer Trustee

SERVICE EMPLOYEES UNION
LOCAL NO. 14

By *[signature]*
Philip J. Deredi
President-Business Manager

*[signature]*
Philip J. Deredi
Union Trustee