Charles Gilchrist, et al. v. Able Building
Maintenance Co., et al.
Case No. CV 07-5802-SC
United States District Court
Northern District of California –San Francisco Division

# EXHIBIT E

## (Part 2 of 2)

AMENDMENT NUMBER ONE
TO
APARTMENT EMPLOYEES WELFARE FUND
TRUST AGREEMENT

THIS AGREEMENT entered into between the undersigned parties to the Apartment Employees Welfare Fund Trust Agreement,

W I T N E S S E T H:

WHEREAS, the parties have met pursuant to notice under Article III of said Trust Agreement, and have agreed in said meetings to amend the same in the respects herein below set forth,

THEREFORE, it is agreed as follows:

Article III, Section 4(i) of said Trust Agreement shall be and hereby is amended to read as follows:

> "(i)  All monies received by the Trustees under any provision of this Trust Agreement shall be paid to, received and held by a Custodian, which shall be a corporation qualified under Section 412 of the Employee Retirement Income Security Act of 1974 and doing business within the State of California."

IN WITNESS WHEREOF, the parties hereto have executed this amendment to said Trust Agreement this 28 day of May, 1980, to be made effective January 1, 1980.

SERVICE EMPLOYEES UNION,
LOCAL 14, affiliated with
SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO

By _____
Philip J. Deredi

APARTMENT EMPLOYERS'
COUNCIL OF SAN FRANCISCO

By _____
Edward L. Rathbun

1.

Trustees:

_____  _____
PHILIP J. DEREDI                 EDWARD L. RATHBUN

2.

AMENDMENT NUMBER TWO
to the
AGREEMENT AND DECLARATION OF TRUST
of the
APARTMENT EMPLOYEES WELFARE FUND

WHEREAS, the Trustees and the Employer and Union parties have met pursuant to notice under Article VII of the Agreement and Declaration of Trust, and have agreed pursuant to the authority vested in them to amend said Declaration of Trust in the respects set forth below,

THEREFORE, it is agreed:

1. Effective June 1, 1994, a new Section 5 is hereby added to Article IV, to read as follows:

   a) <u>Delinquent Contributions and Liquidated Damages</u>.

   Each contribution to the Fund shall be made promptly and in any event on or before the 10th day of the calendar month in which it becomes payable; said contribution, if not then paid in full, shall be delinquent if not received by the 20th day of said month. The parties recognize and acknowledge that the regular and prompt payment of contributions to the Fund is essential to the maintenance in effect of the Welfare Plan and that it would be impossible to fix the actual expense and damage to the Fund and to the Welfare Plan which would result from the failure of the Employer to pay such monthly contributions in full within the time above prescribed.

   Therefore, the amount of damage to the Fund and the Welfare Plan resulting from any such failure shall be presumed to be the sum of One Hundred Dollars ($100.00) per delinquency or Ten Percent (10%) of the amount of the contribution or contributions due, whichever is greater, which amount shall become due and payable to the Fund as liquidated damages and not as a penalty, in San Francisco, California, upon the day immediately following the date on which the contribution or contributions become delinquent.

1

Said delinquent contribution or contributions shall be increased by the amount of said liquidated damages, plus interest at the rate of 6.5% per year, compounded monthly, until paid in full.

b) <u>Audit and Enforcement of Contributions</u>.

1. Upon request in writing from the Board, any Employer shall permit the Board's representative, including its certified public accountant, to enter upon the premises of such Employer during business hours, at a reasonable time or times, and to examine and copy such books, records, papers or reports of such Employer as the Trustees may deem necessary or appropriate to determine whether the Employer is making full and prompt payment of all sums required to be paid to the Fund.

2. The Trustees shall have the power, in their own names or otherwise, as may be deemed necessary or desirable, to demand and enforce the prompt payment of contributions to the Fund, including payments due to delinquencies, and to assert and enforce all priorities, lien rights and other claims or rights with respect to any contributions or payments belonging to the Fund, this Trust or any of its beneficiaries, including the rights to file priority and other claims in bankruptcy. In that connection, if any Employer refuses to permit the Trustees or their representative to examine or copy any records requested under this Agreement, the Trustees are also empowered to enforce such production of records by suit, arbitration or other process. In the event that any Employer fails to cure any delinquency or refusal to comply with any request to provide records, after receipt of written notice of delinquency or default, there shall be added to the obligation of the Employer all costs and expenses of collection or production of records, incurred by the Fund in any action or proceeding commenced to enforce such payment or production. Such costs and fees which the Trustees are entitled to recover shall include, without limitation, court costs, arbitration fees, costs or fees of collection agents, and auditing fees, together with all reasonable attorneys' fees and reasonable compensation for employees or agents of the Trust Fund incurred in connection therewith.

3. In the event an audit or review of any Employer's contributions to the Fund discloses the Employer has paid less than 90% of the contributions actually due and owing, then in addition to any other fees, costs or liquidated damages owing the Employer shall be liable to the Fund for the full cost of such audit or review.

2

c) <u>Trustee Discretion To Waive Costs.</u>

Upon written request by an Employer, the Trustees in their discretion may waive all or a portion of assessed liquidated damages or audit costs, for good cause shown.

IN WITNESS WHEREOF, the parties hereto have executed this amendment to said Trust Agreement this 31st day of May, 1994, to be made effective June 1, 1994.

SERVICE EMPLOYEES UNION, LOCAL 14, affiliated with SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO

By _____
Gerald F. Hipps

APARTMENT EMPLOYERS' COUNCIL OF SAN FRANCISCO

By _____
Edward L. Rathbun

BOARD OF TRUSTEES:

_____
Gerald F. Hipps

_____
Edward L. Rathbun

3

AMENDMENT NO. THREE
TO
APARTMENT EMPLOYEES WELFARE FUND TRUST AGREEMENT

THIS AGREEMENT entered into between the undersigned parties to the Apartment Employees Welfare Fund Trust Agreement,

WITNESSETH:

WHEREAS, the parties have met pursuant to notice under Article III of said Trust Agreement, and have agreed in said meetings to amend the same in the respects herein below set forth,

THEREFORE, it is agreed as follows:

Article III, Section 4 (p) of said Trust Agreement shall be and hereby was added preceding the second sentence from last sentence to read as follows:

"(p) Eligibility requirements for various classes of employees may vary according to bargain agreements with the union."

IN WITNESS WHEREOF, the parties hereto have executed this amendment to said Trust Agreement this 28 day of April, 1995, to be made effective January 1, 1995.

SERVICE EMPLOYEES UNION
LOCAL 14, affiliated with
SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO

By _____
Charles Gilchrist

Trustees:

_____
Charles Gilchrist

APARTMENT EMPLOYERS'
COUNCIL OF SAN FRANCISCO

By _____
Edward L. Rathbun

_____
Edward L. Rathbun

7. **Compensation.** For each hour worked during the time specified in paragraph 4 above, as may be modified by the Trustees, the Union shall receive the sum of $25.00.

8. **Amendment and Termination.** Except as stated herein, this Agreement may be amended only by a writing executed by the parties hereto.

This Agreement may be terminated by either party upon at least thirty days written notice to the other, or on such earlier date as the parties may jointly agree. Compensation shall be owing through the date of termination, provided services are actually performed by the TFA through such date.

IN WITNESS WHEREOF, this Agreement has been executed on the date as set forth below.

APARTMENT EMPLOYEES WELFARE FUND
APARTMENT EMPLOYEES PENSION TRUST

Dated: 2/27/02    By: _____
                       Trustee

Dated: 2/27/02    By: _____
                       Trustee

SERVICE EMPLOYEES INTERNATIONAL
UNION LOCAL 1877

Dated: 4/29/02    By: _____

VBW2U/125aa4o

3

## AMENDMENT NO. FOUR
## TO
## APARTMENT EMPLOYEES WELFARE FUND TRUST AGREEMENT

A. Within this Agreement "SERVICE EMPLOYEES UNION, LOCAL NO. 14" shall mean "Service Employees International Union, Local 1877."

B. Within this Agreement any reference to the number of Trustees shall be read to conform to ARTICLE II, as amended below.

C. The text of ARTICLE II shall be amended to read as follows:

### ARTICLE II

Section 1. The Trustees under this Trust Indenture shall be four (4) in number, two of whom shall be the Employer Trustees and two of whom shall be the Union Trustees. The Alternate Trustees under this Trust Indenture shall be two (2) in number, one of whom shall be the Employer Alternate Trustee and one of whom shall be the Union Alternate Trustee.

The Employer Trustees and Alternate Trustee shall be selected by the Apartment Employers Council of San Francisco, acting on behalf of all Employers affected by this Trust Indenture. The Union Trustees and Alternate Trustee shall be selected by the Service Employees International Union, Local 1877, acting on behalf of all employees affected by this Trust Indenture. Each such appointment shall be certified in writing by the appointing entity, and such writing shall be deposited in the office of the Trustees.

The following shall govern selection of employer trustees:
a. An Election of employer trustees and alternate employer trustee shall be conducted not less than every five years, or when needed to fill a vacancy, or upon the request of employers contributing for at least one-third of the participants. The incumbent employer trustees shall be responsible for assuring that the Election takes place properly, by mail ballot, from among those nominated at least two months in advance of the Election. If the Plan Administrator handles the mailing of election materials, the costs shall be reimbursed by the contributing employers. Nominations shall be in writing and may be presented by mail addressed to an incumbent employer trustee and/or the Plan Administrator. No later than 90 days before the Election, the Administrator shall notify each contributing employer of their right to participate in nominating and electing employer trustees and employer alternate trustee.
b. An employer that is delinquent in making contributions shall not participate in the Election. The vote of each voting employer will be weighted in proportion to the number of covered employees for whom that employer contributed to

the Trust in the month preceding the vote. No more than one employer trustee may be employed or retained by the same employer.

c. Incumbent employer trustees shall be responsible for communicating results of the Election to the Administrator and to the union trustees. If necessary, an employer trustee may be appointed by an incumbent employer trustee to function temporarily until an Election can be held.

d. For the purposes of this Trust Agreement and for this Article, all contributing, non-delinquent employers shall be deemed members of the Apartment Employers Council.

Section 2. The Employer Alternate Trustee and the Union Alternate Trustee shall, in the event of emergency involving inability of a Trustee to act, act in the place and stead of the respective Employer or Union Trustee until such time as another Employer or Union Trustee shall be designated to act, or until such time as the Employer or Union Trustee is again able to act.

Section 3. Each Trustee and his successor Trustee shall continue to serve as such without compensation until his death, incapability, resignation, or removal as herein provided.

Section 4. A Trustee may resign and become and remain fully discharged from further duty or responsibility upon giving thirty (30) days' notice in writing to the remaining Trustees, or such shorter notice as the remaining Trustees may accept as sufficient, in which notice there shall be stated a date when such resignation shall take effect; and such resignation shall take effect on the date specified in the notice, unless a successor Trustee shall have been appointed at an earlier date, in which event such resignation shall take effect immediately upon the appointment of such successor Trustee.

Section 5. It is the intention of the parties to this Trust Agreement that the APARTMENT EMPLOYEES WELFARE FUND shall at all times be administered by an equal number of Employer Trustees and Union Trustees.

Section 6. Any Trustee or Alternate Trustee and any successor Trustee or Alternate Trustee may qualify by executing and delivering to the office of the Trustees an instrument accepting such appointment and agreeing to be bound by the terms of this Trust. By this act or by signing this Agreement, any such Trustee or Alternate Trustee shall become vested with all of the estate, rights, powers and discretion and shall assume all the duties and obligations of a Trustee or Alternate Trustee, as the case may be.

D. The text of Section 9 (a) of ARTICLE III shall be amended to read:

Section 9 (a). At least one Employer Trustee and one Union Trustee must be present to constitute a quorum at a meeting of the Board of Trustees. Each Trustee shall have one vote.

2

E. The text of the first sentence of Section 9 (b) of ARTICLE III shall be amended to read:

(b) If there is a deadlock in the vote of the Trustees on any matter within their jurisdiction, or whenever there is a lack of the necessary quorum of four trustees at two successive meetings, the question shall be submitted for decision to an impartial umpire, who shall be Arbitrator Gerald R. McKay or such other arbitrator as the Trustees may select, by unit voting for this purpose only with one vote for respective employer and employee trustee sides.

Dated: 6/24/06

_____
Employer Trustee

Dated: 1/26/06

_____
Union Trustee

1/409206

1/409206

3

  E. The text of the first sentence of Section 9 (b) of ARTICLE III shall be amended to read:

  (b) If there is a deadlock in the vote of the Trustees on any matter within their jurisdiction, or whenever there is a lack of the necessary quorum of four trustees at two successive meetings, the question shall be submitted for decision to an impartial umpire, who shall be Arbitrator Gerald R. McKay or such other arbitrator as the Trustees may select, by unit voting for this purpose only with one vote for respective employer and employee trustee sides.

Dated: 1/26/06

_____
Employer Trustee

Dated: 1/26/06

_____
Union Trustee

1/409206

3

# AMENDMENT NO. 4 TO AGREEMENT AND DECLARATION OF TRUST ESTABLISHING APARTMENT EMPLOYEES WELFARE FUND

Pursuant to Article VII of the Declaration of Trust establishing the Apartment Employees Welfare Fund, the Board of Trustees hereby amends such Declaration of Trust as follows:

1.   Article IV, Section 5(b) is amended by adding a new subsection 4 to read as follows:

> "4.  In the event any Employer fails to pay any required contribution, any liquidated damage, interest amount, audit fee, or other fee or amount specified herein (hereinafter referred to as a "Claim"), then the Trustees may, at their sole discretion, refer any such Claim to binding arbitration. Such referral may be made at any time, and shall be effective upon written notice to the Employer.
>
> The Trustees shall at all times maintain a panel of no less than two (2) arbitrators willing to act in such matter. The notice described above shall include a list of available arbitrators, and shall request the Employer to select one from the list. If the Employer fails to make a selection within fifteen (15) days from the date of the notice, the Trustees shall select the arbitrator.
>
> The arbitration hearing shall be held within forty-five (45) days after the arbitrator is selected unless both parties agree to a later date. The hearing date shall be chosen by the parties from a list of available dates provided by the arbitrator. If the parties cannot agree on a date within seven (7) days after such list is provided the date shall be selected by the arbitrator. The hearing shall be held at the office of the Trust Fund.
>
> The arbitrator may subpoena witnesses for the hearing in accordance with Title 9 of the United States Code. There shall be no reporting service

1/427790

unless requested by either party, and the requesting party shall bear the expense of such service unless both parties agree to split the expense. No written briefs shall be filed unless both parties agree.

The arbitrator shall issue a written decision promptly following the conclusion of the hearing (or, where appropriate, following the submission of written briefs). The arbitrator shall have no power to alter any provision of this Trust Agreement or of any collective bargaining agreement.

If the Trustees are successful in recovering all or any portion of any Claim, then the arbitrator's award shall require the Employer to pay, in addition to the Claim or portion thereof (1) all attorneys' fees and collection agent's fees incurred by the Trustees under this subsection, and (ii) all costs of arbitration, including the arbitrator's fee. In all other circumstances the costs shall be divided equally, and each side shall bear their own attorneys' fees.

The arbitrator's award shall be final and binding. The award may be enforced or vacated as set forth in Article 9 of the United States Code.

2. The foregoing amendment shall be effective on the date of adoption.

IN WITNESS WHEREOF, the foregoing amendment is adopted this 18th day of July, 2006 at San Francisco, California.

BOARD OF TRUSTEES OF THE APARTMENT
EMPLOYEES WELFARE FUND

_____

_____

_____