KENNETH D. SIMONCINI, ESQ. (#145586)
KERRI A. JOHNSON, ESQ. (#138344)
SIMONCINI & ASSOCIATES
Attorneys At Law
1694 The Alameda
San Jose, CA 95126-2219
Telephone:   (408) 280-7711
Facsimile:    (408) 280-1330

Attorneys for Defendant ABLE BUILDING MAINTENANCE CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| CHARLES GILCHRIST and MATTHEW B. HALLINAN, in their capacities as Trustees of APARTMENT EMPLOYEES PENSION TRUST and APARTMENT EMPLOYEES WELFARE FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> ABLE BUILDING MAINTENANCE CO., a California corporation <br><br> Defendant | Case No.:  CV 07 5802 SC <br><br> **ABLE BUILDING MAINTENANCE COMPANY'S ANSWER TO COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, BREACH OF FIDUCIARY DUTY AND AUDIT [ERISA 29 U.S.C. §1001, et. seq. and 29 U.S.C. §185]** <br><br> JURY TRIAL DEMANDED |

Defendant ABLE BUILDING MAINTENANCE CO., hereby answers Plaintiffs'
Complaint herein as follows:

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

I.

This answering defendant lacks sufficient information and belief to respond to the
allegations as to whether this action is governed by the statutes cited.  This answering defendant
admits that venue properly lies in San Francisco.

///

///

**PARTIES**

II.

This answering defendant admits that the Trust Agreements, attached as exhibits to the complaint, are subject to the cited statutes. As to the remainder of the allegations in this paragraph, this answering defendant lacks sufficient information and belief to respond to the remaining allegations in this paragraph, and on that basis denies said allegations.

III.

This answering defendant admits that it is an employer. As the remainder of the allegations in this paragraph call for a legal conclusion, this answering defendant is unable to admit or deny.

**ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF**

IV.

Without admitting the authenticity of the exhibits to this complaint, this answering defendant admits that the documents referenced in this paragraph, are attached to this complaint and referenced herein. As to the remainder of this paragraph, this answering defendant lacks sufficient information and belief to respond to the allegations in this paragraph, and on that basis denies said allegations.

V.

This answering defendant admits that the Trust Agreements attached to the Complaint contain the provisions referenced in this paragraph. As to the remainder of this paragraph, on information and belief, this answering defendant denies the allegations contained therein.

VI.

This answering defendant, on information and belief, denies the allegations of this paragraph.

///

///

///

///

2

# FIRST CLAIM FOR RELIEF

## (Breach of Contract Based on Audit)

VII.

This answering defendant incorporates its answer to each an every preceding paragraph, as though fully set forth herein.

VIII.

This answering defendant admits that plaintiffs conducted audits for the period specified in the Complaint. As to the remainder of this paragraph, on information and belief, this answering defendant denies the allegations contained therein.

VIX.

This answering defendant, on information and belief, denies the allegations of this paragraph.

X.

This answering defendant, on information and belief, denies the allegations of this paragraph.

XI.

This answering defendant, on information and belief, denies the allegations of this paragraph.

XII.

This answering defendant, on information and belief, denies the allegations of this paragraph.

# SECOND CLAIM FOR RELIEF

## (Actual Damages for Breach of Contract)

XIII.

This answering defendant incorporates its answer to each an every preceding paragraph, as though fully set forth herein.

///

///

Able Building Maintenance Co.'s Answer to Complaint for Breach of Contract, Damages, Breach of Fiduciary Duty, Audit
Action No. CV 07 5802 SC

## XIV.

This answering defendant, on information and belief, denies the allegations of this paragraph.

### THIRD CLAIM FOR RELIEF

### (Damages and Equitable Relief for Breach of Fiduciary Duty)

## XV.

This answering defendant incorporates its answer to each an every preceding paragraph, as though fully set forth herein.

## XVI.

This answering defendant, on information and belief, denies the allegations of this paragraph.

## XVII.

This answering defendant, on information and belief, denies the allegations of this paragraph.

## XVIII.

This answering defendant, on information and belief, denies the allegations of this paragraph.

## XIX.

This answering defendant, on information and belief, denies the allegations of this paragraph.

## XX.

This answering defendant, on information and belief, denies the allegations of this paragraph.

## XXI.

This answering defendant, on information and belief, denies the allegations of this paragraph.

///

///

Able Building Maintenance Co.'s Answer to Complaint for Breach of Contract, Damages, Breach of Fiduciary Duty, Audit
Action No. CV 07 5802 SC

## FOURTH CLAIM FOR RELIEF

### (Audit)

### XXII.

This answering defendant incorporates its answer to each an every preceding paragraph, as though fully set forth herein.

### XXIII.

This answering defendant, on information and belief, denies the allegations of this paragraph.

## PRAYER

This answering defendant denies that plaintiffs are entitled to the relief sought, including but not limited to, their claims for damages, injunctive relief, attorneys fees and costs.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that neither the complaint, nor any of its' purported causes of action state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that plaintiffs failed to exhaust their administrative remedies, thereby barring this complaint in its' entirety.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault—Plaintiffs)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that any harm or damage

1   complained of herein was the result of the negligent, careless, or otherwise wrongful conduct of

2   plaintiffs, which conduct was the sole and proximate cause of the damages complained of herein.

### FOURTH AFFIRMATIVE DEFENSE

#### (Comparative Fault—Third Persons)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that any harm or damage complained of herein was the result of the negligent, careless, or otherwise wrongful conduct of persons other than this answering defendant, which conduct was the sole and proximate cause of the damages complained of herein.

### FIFTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that plaintiffs' complaint is barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

#### (Lack of Damage)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that the acts alleged in the complaint did not actually cause the harm complained of by plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that plaintiffs failed to mitigate any or all of the damages alleged in the complaint and are thereby barred from recovering damages which could have reasonably been avoided by the exercise of due care on plaintiff's part.

///

///

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that plaintiffs waived their rights to any and all damages alleged in the complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that plaintiffs are barred from recovering any and all damages alleged in the complaint based on the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Consent)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that plaintiffs consented to all of the alleged acts of defendants and thereby contributed to the incidents and damages alleged herein.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that each and every cause of action herein is barred because plaintiffs are estopped from recovering the amounts claimed, or any amount at all.

## TWELFTH AFFIRMATIVE DEFENSE

### (Monies Paid In Satisfaction)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges in the event that this defendant is found liable to plaintiffs, which supposition is denied, this answering defendant may elect to introduce evidence of amounts paid or payable, if any, as a benefit to plaintiffs.

7

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges this action is barred based on the doctrines of res judicata and/or collateral estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that this Court has no jurisdiction over the subject of the causes of action alleged in the complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges this action is barred due to the doctrines of accord and satisfaction.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that plaintiff's neglected or failed to assert a right or claim which, taken together with lapse of time and other circumstances causing prejudice to adverse party, thereby barring this cause of action due to the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Release and Settlement)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that all or part of the claims asserted herein have been the subject of a release and settlement between the parties.

///

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Employee Benefit Plan)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that plaintiff's claims are barred, in whole or in part, by the terms, conditions and exclusions of the employee benefit plans described in plaintiff's complaint, or under which plaintiff otherwise seeks or may seek relief.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unconscionable Contract)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that plaintiff's claims are barred because they rely, in whole or in part, on a contract that was unconscionable at the time it was made.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Standing)

As a separate and distinct affirmative defense to this complaint, and to each and every cause of action contained therein, this answering defendant alleges that plaintiffs, and each of them, lack standing to bring this suit.

WHEREFORE, this answering defendant prays:

1.    That plaintiffs take nothing by their Complaint;

2.    That plaintiff's Complaint be dismissed with prejudice;

3.    That defendant be awarded it's costs of suit and attorney's fees;

4.    That judgment be entered in favor of defendants; and

///
///
///
///
///

5.    For such other and further relief as the court deems just and proper.

6.

DATED:  December 12, 2007                          SIMONCINI & ASSOCIATES

                                        By:    _____
                                               KENNETH D. SIMONCINI
                                               Attorney for Defendant
                                               ABLE BUILDING
                                               MAINTENANCE CO.


## DEMAND FOR JURY TRIAL

This answering defendant hereby demands a trial by jury of this action.


DATED:  December 12, 2007                          SIMONCINI & ASSOCIATES

                                        By:    _____
                                               KENNETH D. SIMONCINI
                                               Attorneys for Defendant
                                               ABLE BUILDING
                                               MAINTENANCE CO.

10

## PROOF OF SERVICE

I certify and declare as follows: I am over the age of 18 years, and not a party to the within

action. My business address is 1694 The Alameda, San Jose, California 95126, which is located in

the county where the mailing described below took place. On the date listed below, I served the

**ABLE BUILDING MAINTENANCE COMPANY'S ANSWER TO COMPLAINT FOR
BREACH OF CONTRACT, DAMAGES, BREACH OF FIDUCIARY DUTY AND AUDIT
[ERISA 29 U.S.C. § 1001, et. seq. and 29 U.S.C. § 185]**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner and/or

manners described below to each of the parties herein and addressed as stated below:

**CHRISTIAN L. RAISNER
ANDREA LAIACONA
LINELLE S. MOGADO
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Tel: 510/337-1001
Fax: 510/337-1023**

[X] United States Postal Service, U.S. Mail, with First Class postage prepaid and deposited in sealed envelope at San Jose, California. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

[ ] Facsimile Transmission

[ ] Hand-Delivery by Courier:

[ ] *Other: Federal Express (overnight)*

I certify and declare under penalty of perjury under the laws of the State of California that

the foregoing is true and correct.

Executed on December 14, 2007            JENNIFER N. NGUYEN

Proof of Service

1